### BRINCKERHOFF *vs.* PHELPS.

In an action for the breach of a contract to convey lands, the true rule of damages is, the value of the land at the time of the breach, and interest from that time.

APPEAL from a judgment entered at a special term, after a trial at the circuit. The complaint alleged that on the 13th day of June, 1849, the defendant made, executed and delivered to the plaintiff an agreement in writing, in the words and figures following, viz : " For and in consideration of the sum of one dollar to me in hand paid by Elizabeth Brinckerhoff, of the city of Albany, the receipt whereof I do hereby acknowledge, I do hereby agree to sell and convey unto the said Elizabeth Brinckerhoff, all that lot, piece or parcel of land, situate, lying and being in the town of Stratford, Fulton county and state of New York, known as lot No. 82, in Glen, Bleecker and Lansing's patent, for the sum of seven shillings per acre, to be paid therefor by said Elizabeth Brinckerhoff. The said lot to be surveyed at the expense of the estate for which I act as trustee ; and the said Elizabeth Brinckerhoff is to pay for the actual number of acres contained in said lot, as shall appear by such survey, at the rate aforesaid. A warrantee deed is to be executed and delivered to said Elizabeth Brinckerhoff by the 15th day of July next, by which time said survey is to be completed and the lot to be conveyed free and clear of all incumbrances. The sum of three hundred and eighteen dollars and twenty-five

cents of said purchase money is to be paid on the execution of this contract, and the balance on the execution and delivery of the deed. Dated Albany, June 13, 1849.

(Signed)        PHILIP PHELPS, *Trustee, &c.*"

The plaintiff further alleged that upon the execution of the foregoing contract or agreement, she paid to the defendant the sum of $318.25, in full of the payment therein mentioned. And that afterwards and prior to the month of August, in the year 1849, the lot in the agreement set forth was surveyed and found to contain 835 acres of land, or thereabouts. That on several occasions thereafter the plaintiff by her attorney and agent applied to the defendant, and demanded a warranty deed for the said lot of land, according to the provisions of the agreement, and offered to pay him the balance of the purchase money on the execution and delivery of such deed, with which demand the defendant had neglected and refused to comply. And that the defendant did not, by the 15th day of July, 1849, execute and deliver or offer to execute and deliver to the plaintiff a warranty deed for said lot, so as to convey the same or any part thereof to the plaintiff. Wherefore the plaintiff demanded judgment that the defendant execute and deliver to her a warranty deed for the lot, so made and executed by the defendant as to vest in her, the plaintiff, the title to the same free and clear of all incumbrances ; the plaintiff hereby offering to pay the balance of the purchase money of said lot. And in case it should appear that the defendant was unable to convey to the plaintiff the lot aforesaid, so as to vest in her the title thereto free and clear of all incumbrances, then the plaintiff demanded judgment against the defendant for the damages which she had sustained by reason thereof, together with costs, &c.

The answer of the defendant set up that he executed the agreement as trustee of Catharine W. Van Rensselaer, and not otherwise ; that individually he was never the owner of the premises described in the agreement ; that the agreement was made with Edward Brinckerhoff as the plaintiff's agent, and that he well knew when the same was made that the defendant

held the lands as trustee, &c., and that the consent of Cath-arine W. Van Rensselaer was necessary to a valid and effectual conveyance thereof, as did also the plaintiff. That although the defendant had been willing he had not been able to con-vey, &c. In the reply, the plaintiff averred that neither before nor at the time of making said agreement, had she any knowledge how the defendant had been appointed trustee, nor what his powers were as such trustee. .The reply also denied that the plaintiff or Edward Brinckerhoff knew at &c., that the consent of Catharine W. Van Rensselaer was necessary to a valid and effectual conveyance of the premises aforesaid. That at the time of the execution of the agreement the defend-ant held out and represented, that he had the power and author-ity to sell and convey the premises. The defendant offered to let judgment be entered against him for $366 and costs.

The cause was tried at the Albany circuit, in December, 1852, before Justice HARRIS, a jury being waived. The plain-tiff proved the execution of the agreement. He also proved that prior to the month of August, 1849, the defendant pro-cured the lot to be surveyed, that according to such survey it contained 835 acres ; and that thereupon the plaintiff tender-ed to the defendant the balance of the purchase money for said lot, and demanded a warranty deed therefor acccording to the provisions of the agreement, and that the defendant refused to comply with such demand, stating as the reason of such refusal that Mrs. Van Rensselaer had positively refused her consent to any conveyance of said lands to the said plaintiff. It was then admitted by the counsel for the defendant that the lot in question, at the time fixed in the agreement for the delivery of the deed, and at the time the same was demanded by the plaintiff, was worth the sum of $2000, and that the defendant had sold it to another person for that sum, upon the request and by consent of Mrs. Van Rensselaer. The testimony here closed, and the judge decided that the plaintiff was not entitled to recover any thing in this action beyond the amount ($318.25) paid by her to the defendant at the time of the execution of the agreement, with interest and costs of action. To which de-

cision the plaintiff's counsel excepted. The counsel for the plaintiff insisted that under the pleadings and evidence the plaintiff was entitled to recover by way of damages the sum of $2000, less the balance of the purchase money remaining unpaid; but the judge decided that the plaintiff was not so entitled to recover, and the counsel for the plaintiff excepted to such decision, and appealed from the judgment entered thereon.

*J. K. Porter,* for the appellant.

*J. H. Reynolds,* for the respondent.

*By the Court,* GOULD, J.  The only point to be here decided is, what is the true rule of damages, in a suit for the breach of a contract to convey lands. Is the plaintiff in such a suit to recover his actual loss, (the value of the land agreed to be conveyed;) or is he to be confined to getting back the price he paid, and interest? Upon principle, there would seem to be no question about it; for mere justice requires that his recovery should be equal to his loss. That there is any doubt on the subject, is owing to the uniform current of the decisions in this state, which have fixed the rule of damages in suits on the covenants of seisin, warranty, &c. in deeds; and to the general, though not uniform, transferring of that rule to suits where no deed has been given; but the contract for giving one has been broken by reason of inability, or refusal, to convey.

I cannot say that I have ever been satisfied with the rule that in an action on a covenant for quiet enjoyment, I am entitled to recover, not what the premises I enjoy are worth when I am evicted, but merely what I paid for the land; without any reference to my improvements. In the leading case in this state, (4 *John.* 3,) although the opinions which so hold are very able, and entitled to profound respect, my reason has ever been better satisfied with the dissenting opinion of Mr. Justice SPENCER. He says, "In actions for a breach of covenant, the damages are to be estimated according to the value of the thing *when the covenant was broken."* And, (in reply to the

ground taken by the majority of the court, holding that the covenant of seisin is the greater covenant, and covers or includes the covenant of warranty, so as to govern the damages recoverable on the latter,) he says : "These covenants, wherever they occur in a deed, seem to me to indicate, beyond all question, that the purchaser did not mean to rely on the title of the vendor alone ; but that he meant to have his personal liability, as a guaranty."    Nor does that latter remark seem to me to be covered or met by the opinion, (3 *Caines*, 118,) where it is said, "If a grantee be desirous of receiving the value of land at the time of eviction, he may by apt covenants in the deed, if a grantor will consent, secure such benefit to himself." What those "*apt* covenants" would be, when in 4 *John.* 3, the same court say that a covenant for further assurance is, also, in subordination to the superior covenant of seisin, and cannot go beyond it in a rule of damages, it might be difficult to imagine.    If neither a covenant that I shall enjoy the property, nor a covenant to make my title good, goes beyond the bare covenant that the grantor has title, at the time he conveys, what form of personal promise (or covenant) would relieve me from the incubus of that paramount covenant of seisin ?

These remarks are, of course, made not with any idea of there ever being any change in our rule of damages in suits on those covenants, but merely to show that there is no reason for extending that rule beyond the line of the decided cases.

It is truly said, in the case at bar, if the defendant had given a deed, (which, as he had no title, would not have conveyed the land,) nothing beyond the purchase money and interest could possibly have been recovered from him.    Still that is not this case.    And it by no means follows, because such would have been the rule of damages had he kept his contract, that such is the rule now that he has broken his contract, in a suit for that breach.

The cases cited for the defendant (2 *Wend.* 399, *and* 4 *Denio*, 546) are hardly parallel with this case.    They are cases where, by mistake or misfortune, the party was unable to keep his contract.    In this case he knew his exact position, and ventured

to make this contract; and (as in 13 *Eng. Com. Law*, 101,) "I think he must be responsible for the damage sustained by a breach of this contract." This is not a new rule (in such a case) in this state. The doubt suggested in 6 *Barb.* 650, "whether a more stringent rule might not have been adopted, and the plaintiff been allowed to recover the value of the land, at the time of the refusal to convey," has, in 4 *Selden*, 115, ripened into an affirmative ruling. This latter case seems to me to cover the principle involved in the one before us. Phelps either made a contract which he knew he had no right to make, or he arbitrarily refused to fulfill when he found he could get more than twice the price for his land that the plaintiff had agreed to pay. And the latter is, neither in morals nor in law, any better reason than the former. The rule of damages, as against him, should be the *value* of the land, at the time of the breach, and interest since then.

New trial granted.

[ALBANY GENERAL TERM, March 2, 1857. *W. B. Wright, Harris* and *Gould,* Justices.]