IN THE

# SUPREME COURT of JUDICATURE

OF THE

## STATE OF NEW JERSEY,

### AT FEBRUARY TERM, 1871.

---

'ELIAS W. DRAKE v. MOSES BAKER.

1. Where a person agrees to sell real estate, and is prevented from complying on account of a latent flaw in his title, the vendee cannot recover damages for the loss of his bargain. '
2. But if the vendor is aware, at the time of entering into the contract, that his ability to comply depends upon a contingency, upon breach, under these conditions, the vendee will be entitled to substantial damages to the extent of a full indemnity.

---

On rule to show cause why verdict should not be set aside.

On the 31st of August, 1868, the defendant agreed, in writing, with the plaintiff, that he would, for a certain consideration, sell and convey certain lands and real estate to the plaintiff, and give him " a fee simple title, free from encumbrances." The defendant's wife refused to sign the deed, thus preventing him from executing the contract. The plaintiff thereupon brought suit against the defendant to recover damages for the loss of his bargain. The jury gave him a verdict for $2,099.16.                     358

A rule to show cause why the verdict should not be set aside was granted by the court, and argued in the presence of the CHIEF JUSTICE, and BEDLE, DALRIMPLE, and SCUDDER, Justices.

For the plaintiff, *Theo. Runyon.*

For the defendant, *J. W. Taylor* and *C. Parker.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The agreement on the part of the defendant was that he would sell to the plaintiff certain lands, and would furnish a " fee simple title, free from encumbrances." His wife refusing to sign the deed he was not able to fulfill his contract, and for this breach this action was brought. The question relates to the measure of damages, whether the plaintiff can recover for the loss of his bargain.

The usual rule on breach of contract is, that the party injured shall be indemnified for the loss which he has sustained. If chattels are agreed for, to be delivered at a future day, the measure of damage for their non-delivery is the difference between the contract price and market value at the stipulated time of delivery. The legal endeavor is to put the party sustaining the loss in the same position, so far as money will do it, as though the contract had been fairly executed. This is the general principle. But with respect to contracts for the purchase of real estate, the case of *Flureau* v. *Thornhill,* 2 *Wm. Bl.* 1078, introduced an exception. That exception was, that where a vendor discovers, after the contract of sale, that his title is defective, and is on that account unable to complete his bargain, he shall not be held liable to the vendee for the loss of such bargain. Under the circumstances stated, the difference between the contract price of the land and its market value at the time when the deed is to be delivered, cannot be embraced in the damages recovered. Chief Justice Cockburn, in *Sikes* v. *Wild,* 1 *Best & Smith* 596, referring to this rule, says : " It

probably had its origin in the difficulty in which, in the complicated and highly artificial state of our law relating to real property, an owner of real estate, having contracted to sell, is too frequently placed from not being able to make out a title such as a purchaser would be bound or willing to take. The hardship which would be imposed on a *bona fide* vendor, if, upon some legal flaw appearing in his title, he would be liable in all the consequences which would attach upon a breach of contract relating to personalty, and the difficulty which might be thrown in the way of bringing real property into the market if the full liability attached in such a case, have, probably, by an understanding and usage among those engaged in the transfer of estates, led to this exception to the general law." And in this same case on appeal, 4 *Best & Smith* 421, Chief Justice Earle characterizes the rule itself as "perfectly reasonable." It is also noticeable that this measure of damages is in harmony with that which obtains in actions on covenants for breach of warranty of title to lands, the rule in the latter class of cases being to allow simply the consideration money, interest, and costs. *Horner's Ex'rs* v. *Sinnickson's Devisees*, 3 *Green* 313. If the entire loss of the bargain should be the gauge of damages resulting from a breach of a covenant to convey, occasioned by a latent defect of title, there would seem to be little reason in the doctrine that the inadequate redress of a return of the money paid should be awarded in an action on the warranty.

But whatever the history or reason of the rule may be, it is certain that, as a part of the law, it is entirely established. The authority in its support, both English and American, is so abundant, and its existence is so generally recognized, that I shall not refer to books to prove its prevalence in the jurisprudence of this state.

On the assumption, then, of the subsistence here of this rule of law, the question is, whether the facts of this case place the defendant within its protection. It is clear that the present circumstances are unlike those of the leading

case above referred to, for there the defect of the title, at the time of the contract, was unknown to the vendor, but here he was fully cognizant of it. The defendant in this suit knew when he agreed to make a perfect title to this property, that it was altogether uncertain whether he would be able to do so, for his ability to discharge his contract was dependent upon the consent of his wife. With the full knowledge of his power of performance being contingent, he entered into this absolute stipulation, and I think this circumstance should take this case out of the rule adopted in *Fleureau* v. *Thornhill*. It may be quite reasonable that an implicit understanding should grow up between the vendors and vendees of real estate, that a vendor should not be responsible for secret flaws in the title of the property, and that such understanding should assume the form of a rule of law. But there seems no rational ground for the hypothesis that a similar relaxation of the general law exists in those cases in which a man agrees, in an absolute form, to do some act, which he knows he has not the power to do without the assent of a third party. In the former class of cases there is a semblance of good sense and public convenience in favor of the application of the rule, excluding the liability in question, but in the latter class there is apparently none whatever. In my judgment, the immunity of the vendor does not extend beyond his inability to perform his contract, by reason of a defection in his title which was unknown to him at the time he entered into the contract to sell. This rule will exclude all defaults which are willful, or which arise from contingencies known to the vendor, and of which he consciously assumed the risk. It does not seem to me to be possible to harmonize all the English cases, but the above rule will, I think, square with those of greatest weight. *Hopkins* v. *Grazebrook*, 6 *Barn. & Cress.* 31, is not distinguishable with respect to the principle which should govern the present case. A person having contracted for the purchase of an estate, put it up and sold it at auction, engaging to make a good title at a certain day, which he was unable

to do because his vendor did not convey to him. Lord Tenterden refused to extend the exceptional principle of *Fleureau* v. *Thornhill* to these facts, on the ground that, although there was no fraud, a party should not be permitted to escape liability for an engagement to do that which the contractor knew it was altogether uncertain that he could perform. *Pounsett* v. *Fuller*, 17 *Com. B.* 660, was decided on the same principle, though there may be some reason to question the propriety of its application to the facts of that case. And in *Robinson* v. *Harman*, 1 *Excheq.* 849, Baron Parke said that he could not distinguish the facts under judgment from those involved in *Hopkins* v. *Grazebrook*, and accordingly applied the rule established in that case. These decisions rest in the theory that an agreement for the sale of real estate should be taken out of the general rule as to damages for breach of contract, but in a single juncture; that is, where an unexpected infirmity is found to exist in the title, and that such exception should not be extended so as to protect a person who has contracted to sell that which he knew he did not own, and which it was uncertain he could acquire. That a vendor, who having it in his power, willfully refuses to complete his contract, can claim no exemption from the general rule, has been established by several cases, and has never, so far as is known, been pretended. *Engel* v. *Fitch*, *L. R.*, 3 *Q. B.* 315, belongs to the class exemplifying this proposition. *Hopkins* v. *Lee*, 6 *Wheaton* 109, has been frequently referred to as standing in opposition to the case of *Fleureau* v. *Thornhill;* but I think there is no ground for this assumption, as it was a case of an unwarrantable refusal of a vendor to complete his contract, and consequently the rule of damages applicable in cases of sale of personal property was in all respects apposite, and it is not to be supposed that the court could have intended to overrule a case of so much prominence as the one just mentioned, without even referring to it, or suggesting a reason for its rejection. *Driggs* v. *Dwight* 17 *Wend.* 71, belongs to this same line of authorities, the defendant having per-

versely refused to perform his contract when there was no obstacle in the way. And the cases in New York not only recognize this limitation of the rule broached in *Fleureau* v. *Thornhill*, but also adopt the further limitation already indicated, and refuse to extend it to cases in which the vendor, with his eyes open, agrees to convey a title which he expects to acquire, but which he knows is not, at the time of the contract, within his power. *Peters* v. *McKeon*, 4 *Den*. 546; *Brinkerhoff* v. *Phelps*, 24 *Barb*. 100; *Bush* v. *Cole*, 28 *N. Y*. 261.

The plaintiff in the present case was entitled to recover substantial damages for the loss of his bargain, and that result having been reached by the verdict, the rule to show cause should be discharged.

Rule discharged.

CITED *in King* v. *Ruckman*, 9 *C. E. Gr*. 305.