JACOB H. V. COCKCROFT, Appellant, *v.* THE NEW YORK AND HARLEM RAILROAD COMPANY, Respondent.

One who contracts to sell lands and to convey, with covenants of warranty and against incumbrances, and who enters into the contract without any intention to commit a fraud, and in ignorance of any defect in the title, or of the existence of any incumbrance ; but who is unable to perform because of a defect in the title, or of an incumbrance from which he is unable to release the lands, can only be held liable for nominal damages, aside from the purchase money paid and the expense of examining the title.

Defendant laid out a tract of land into lots, which it sold at auction ; by the terms of sale, it was to convey by warranty deeds free of incumbrance. There were at the time two large mortgages covering its road and a portion of the tract. Plaintiff bid off one of the lots which was covered by the mortgages. The officers of the road acted in entire good faith, and the evidence tended to show that they had no knowledge of the fact that the lot was covered by the mortgage. No releases could be obtained of the mortgages. Defendant offered to convey with covenants of warranty and to give ample indemnity against the mortgages, but plaintiff declined the offer. Plaintiff paid ten per cent to the auctioneer at the time of sale, receiving a receipt stating that

defendant could not claim it until the receipt was indorsed by plaintiff; this sum never came into the possession or under the control of defendant. In an action to recover damages for nonperformance of the contract, *held*, that plaintiff was only entitled to recover the money paid to the auctioneer, without interest thereon, the auctioneer's fees paid and the attorney's fees for examining title.

(Argued March 23, 1877; decided April 3, 1877.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, affirming a judgment in favor of plaintiff, entered upon a verdict, and affirming an order denying a motion for a new trial.

This action was brought to recover damages for an alleged breach of a contract for the sale of a lot of land situate in the city of New York.

Defendant, being the owner of a tract of land in the city. of New York, caused the same to be divided into lots and sold at auction. The sale was made February 7, 1867. By the terms of sale the purchaser was to pay ten per cent of the purchase-money and the auctioneer's fees at the time of sale, the balance to be paid March 5 thereafter, when a deed was to be given. The conveyance was to be by "full covenant warranty deed, free and clear of all incumbrances, except leases expiring May 1." Plaintiff bid off one of the lots, paid the ten per cent and the auctioneer's fee, receiving a receipt therefor which contained this clause : "This payment is made and received in reference to the conditions announced at the sale, and payable to the seller on the return of this receipt to us, endorsed by the purchaser." At the time of the sale there were two mortgages, one given in 1853 for $3,000,000, due in twenty years, and one in 1858 for $1,000,000, due in ten years, both given to trustees to secure certain bonds. The mortgages covered defendant's road and a large amount of other property, and also a portion of said tract, the lot sold to plaintiff being included in that portion. Plaintiff, upon having a search made, discovered these mortgages. He tendered the purchase-money upon the day speci-

fied, but declined to accept a conveyance, because of the incumbrances. Defendant offered to give a warranty deed and an abundant guaranty, securing plaintiff against the mortgages, but he refused to accept them. It appeared that defendant's officers acted in good faith in making the sale, and the evidence, the material portion of which is substantially stated in the opinion, tended to show that they were ignorant of the fact that the lot was covered by the mortgages. The court charged in substance that plaintiff was not entitled to prospective damages, but only to recover the percentage paid to the auctioneer, his fees and the attorney's fees for examining the title, to which plaintiff's counsel duly excepted.

*Chas. N. Black*, for the appellant. Defendant, notwithstanding the fact that it acted in good faith, was liable for all damages sustained by plaintiff. (*Pumpelly* v. *Phelps*, 40 N. Y., 66; *Heimburg* v. *Ismay*, 35 N. Y. Supr. Ct., 35, 40; *Berwell* v. *Jackson*, 9 N. Y., 535, 540; 20 id., 142; Sugd. on Vendors (8th Am. ed.), 572.) Defendant was liable for interest on the amount paid by plaintiff. (Chit. on Con., 309, 312; *Margraff* v. *Muir*, 57 N. Y., 155, 161; *Brinckerhoff* v. *Phelps*, 43 Barb. 469 471, 475.)

*Francis Kernan*, for the respondent. Plaintiff was only entitled to recover nominal damages. (*Baldwin* v. *Munn*, 2 Wend., 399, 405–6; *Peters* v. *McKeon*, 4 Den., 546, 550; *Conger* v. *Weaver*, 20 N. Y., 140, 144; *Margraff* v. *Muir*, 57 id., 155, 159; *Leggett* v. *Mut. L. Ins. Co.*, 53 id., 394, 399; *Pumpelly* v. *Phelps*, 40 N. Y., 59, 60; *Worth* v. *Edmonds*, 52 Barb., 40; *Costigan* v. *M. & H. R. R. Co.*, 2 Den., 609.)

MILLER, J. The rule is well settled that where a vendor enters into a contract to sell and convey real estate under a belief that he has a good title, and that the same is free from incumbrances, with covenants of warranty and against such

incumbrances, and he fails to perform for the reason that the title is defective, or an incumbrance unknown to him previously is discovered, which prevents a fulfillment of the contract, in an action by the vendee against him for a breach of the contract the latter is only liable for nominal damages. (*Pumpelly* v. *Phelps*, 40 N. Y., 59 ; 24 Barb., 100; 43 id., 469 ; *Conger* v. *Weaver*, 20 N. Y., 144; *Leggett* v. *Mutual Life Ins. Co.*, 53 N. Y., 394; *Peters* v. *McKeon*, 4 Den., 546; *Baldwin* v. *Munn*, 2 Wend. 399.)

The exceptions to this general and salutary rule are founded on the acts of the vendor which evince knowledge of the existence of the defect, or of a want of authority to convey, thereby showing misconduct, fraud, or bad faith in entering into the contract, or in seeking to avoid it for the purpose of obtaining a large price, or an undue advantage to which he is not entitled. (*Pumpelly* v. *Phelps*, *supra* ; *Margraf* v. *Muir*, 57 N. Y., 159.) Within this rule a party who under a wrong impression, and without knowledge of the existence of any defect in his title or of any incumbrance upon his land, and who is innocent of any intention to commit a fraud enters into a contract which it subsequently appears he is unable to perform, can only be held liable for nominal damages, besides the amount of the purchase money which has been paid upon the same. The defendant was the owner of the fee of the premises in question when it contracted to convey the same to the plaintiff by a full covenant warranty deed, free and clear of all incumbrances.

At the time there were two large mortgages upon their road, and a portion of the land plotted and sold at auction, the whole of which embraced some twenty-two lots, and one of which lots was contracted to be sold to the plaintiff, and was covered by the mortgages referred to. These mortgages were executed by the predecessors of the persons in office at the time of the sale many years before it took place. There was no evidence on the trial showing bad faith, fraud, or that the defendant would reap any advantage by failing to perform the contract, and the land was sold over

one year afterwards for the same amount.   In fact, the proof shows that the defendant offered to convey the lot with covenants of warranty, and in addition to give an indemnity of unquestioned personal responsibility to save the plaintiff harmless from the mortgages, and to do all that was within its power to secure the plaintiff.   Nor is there any proof that the officers of the company had knowledge or notice that the land sold at this time was incumbered by the mortgages in question.   The president of the company testified that he had no recollection of any knowledge of the incumbrances, and, according to his recollection, he. first learned of them about the time fixed for making title or delivery of the deed, which is equivalent to saying that he had no knowledge, and the vice-president also testifies that he did not know of the incumbrances.   Upon the testimony, it is very plain that the officers of the defendant acted in entire good faith, and without any intent to commit a fraud upon the plaintiff.   In truth, it is apparent that they might easily have been mistaken as to the precise boundaries of the land covered by the mortgages, which embraced an extended area of real estate, a small portion of which lies in close contiguity to other land in the city, which belonged to the defendant, and constituted some of the lots sold.   The dividing line between the land mortgaged and other real estate of the defendant might well have been overlooked, and there was no object in practicing a fraud upon the plaintiff, or evidence of any such intention.   Nor can it be said that the case is one where the vendor knew at the time the contract was made that there was no power to sell and convey, and for that reason he is bound to make good to the vendor the loss of the bargain, and is not excused, although he may have acted in good faith, and believed when he entered into the contract that he should be able to procure a good title for the purchaser.

It cannot be held, as a matter of law, that the officers of the company were bound to know, and presumed to have knowledge, not only of the existence of these mortgages,

created as they were many years before the sale, but of the precise boundaries of the land mortgaged, and that they were included and were liens upon the premises in question. The doctrine which requires the vendor to make good the title to that which he assumes to sell, and which is simply requiring him to guarantee that he is not committing a fraud, and that he is presumed to know his own title (*Burwell* v. *Jackson*, 9 N. Y., 540), is not subject to the qualifications laid down in the authorities hereinbefore cited. None of these uphold the position that where a party acts without knowledge and in good faith, that he is to be held liable beyond nominal damages upon a failure to perform. In *Pumpelly* v. *Phelps*, *supra*, which goes further than any other reported case in enlarging the rule of damages in cases of this character, the vendee in an executory contract knew at the time he made the contract for the conveyance of the land that he had no title or right to convey the same; but he relied upon the assurance of his *cestui que trust* to consent to the conveyance, which was refused afterwards, and prevented the fulfillment of the contract. There was absolute knowledge of a want of title and of the authority to convey, and besides the land was subsequently sold by him to another party at a higher price. Here there was no such knowledge, and no attempt to escape from a fulfillment of the terms of the contract by the defendant. The distinction is very palpable between the two cases. The fact that the defect consisted of mortgages which were liens upon the land, does not prevent the application of the principle. It rests upon a want of knowledge and the good faith of the vendor, and so long as these elements appear in the transaction, it matters not whether the title is imperfect of itself, or is rendered defective by reason of incumbrances on the land. There is a defect of title when such incumbrances exist, so that a deed cannot be executed which conveys a good title, and in either contingency the rule applies.

In *Engle* v. *Fitch*, 3 L. R. Q. B., 314, COCKBURN, C.J., lays down the rule, that when the owner of real estate finds

unexpectedly, difficulty in making out a title which he cannot overcome, and the opposite party rejects the title and repudiates the contract, it is not unreasonable that he should be entitled to no more than the return of the deposit, and the expense of investigating the title. And that rule which allows the difference between the price paid and the actual value, should have no application when the failure to make out a title or to give possession arises not from the inability of the vendor, but from his unwillingness either to remedy the defect in the title, or to obtain possession on the score of expenses. See also, *Mack* v. *Patchin*, 42 N. Y., 167. The doctrine laid down, which is fully sustained by the decisions in this state, is peculiarly applicable to the case at bar. It is entirely manifest that the sale of the lots by the defendants was advertised and made without knowledge that they were covered by the mortgages in question, and when upon investigation, after one of the lots had been bid off by the plaintiff, it was discovered that these mortgages were liens, and the officers of the company found themselves unable to make out a good title, they did everything in their power to obviate the difficulty, and to indemnify the plaintiff. They not only manifested no unwillingness to remedy the defect, but they were exceedingly anxious to carry out the contract.

If these incumbrances had been ordinary mortgages whose release might have been obtained from the liens, it would alter the case materially, and no sufficient excuse would exist for not obtaining such releases. But as they were held by trustees for the bondholders who had no legal authority to release the land, there was no lawful method of obtaining a discharge of the liens. Nor could they be paid, for they were not yet due. In view of the difficulties in the way, it was entirely out of the power of the defendant to give a perfect title, and the case is brought directly within the rule last cited, as well as the other decisions to which reference has been had. The claim of the plaintiff cannot be sustained without establishing a rule of damages far more severe and

stringent than has been upheld in any of the decisions. We are not prepared to go to this extent, and are of the opinion that the rule laid down upon the trial was the correct one, and there was no error in this respect.

It is urged that there was error in the charge and ruling of the court to the effect that the plaintiff was not entitled to recover interest upon the ten per cent deposited with the auctioneer. If the money had been left with the defendant this undoubtedly would be the correct rule, but as it was delivered to and held by the auctioneer, and as the receipt given by him for the same shows the defendant could not claim it until such receipt was endorsed by the plaintiff, and as it never came under the control of or into the defendant's possession, and it had no right whatever to the money until the contract was performed, we think interest was not recoverable. If the plaintiff had a right to maintain this action the money belonged to the defendant. If not it belonged to the plaintiff. In the latter case after the defendant failed to fulfill he was authorized to return the receipt to the auctioneer, and to take the money ; while the defendant could not take it without the receipt with plaintiff's endorsement. Having no cause of action against the defendant, and being entitled to the money, the plaintiff could not claim interest upon the same.

The question raised as to the value of the attorney's services for examining the title was for the jury, and is not presented here by any exception. There was no error in any of the rulings upon the trial, and as the defendant was justified in failing to fulfill the contract the judgment was right and should be affirmed.

All concur; CHURCH, Ch.J., concurs except as to item of interest; ALLEN, J., takes no part; ANDREWS, J., absent.

Judgment affirmed.