NORMAN H. TIMBY, RESPONDENT, *v.* JAMES KINSEY AND STEPHEN P. WING, ADMINISTRATORS, ETC., OF WILLIAM H. WING, APPELLANTS.

*Contract for the sale of land — when substantial damages are recoverable for a breach of.*

Where a husband enters into a contract for the sale of land held by him and his wife jointly, and is unable to fulfill the same by reason of the refusal of his wife to join in the deed, the vendee may recover, as damages, the difference between the price named in the contract and the actual value of the land at the time of the breach of the contract.

*Pumpelly* v. *Phelps* (40 N. Y., 59), followed.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order at Special Term denying a motion for a new trial, made upon a case and exceptions.

*M. H. Peck*, for the appellants.

*George Bowen*, for the respondent.

TALCOTT, P. J.:

This is an appeal from a judgment rendered on a verdict at the Genesee circuit, and from an order denying a new trial.

The action is one, brought at law, to recover damages for the failure and refusal of the defendant to perform an executory contract, for the sale by him and purchase by the plaintiff of a certain parcel of land for the sum of $1,200.

The action was originally brought by Norman H. Timby, the vendee, against William H. Wing, the vendor of the land, but Wing died after the trial, and the present defendants were, by stipulation, substituted as the administrators of William H. Wing.

It appeared that at the time of entering into the contract the title to the land, which was the subject-matter of the sale, was vested in William H. Wing and his wife by a conveyance to them jointly, which circumstance was known to the parties to the contract, and that the wife was cognizant of the contract and assented

thereto, but nothing was said on the subject of the contract being executed by the wife, and the contract, which was in writing, purported to be in the name of Wing alone as the vendor, and he alone executed the same.

It further appeared that at the time fixed by the contract for the execution and delivery of the deed, the wife absolutely refused to execute the same. The defendant gave evidence tending to show that this refusal of the wife was the sole reason for his neglect and refusal to carry out the contract; and the plaintiff gave evidence tending to show that the defendant refused to convey for the further reason, that the price named in the contrac' was not a sufficient compensation for the value of the land con tracted to be sold; and evidence was given by both parties as to the value of the land described in the contract of sale.

The court charged the jury that the damages which the plaintiff was entitled to recover, if entitled to any recovery in the case, was the difference between the purchase-price named in the contract and the actual value of the land at the time of the breach of the contract. To which the defendant excepted, and claimed that, as nothing had been paid on account of the purchase-price, the plaintiff was only entitled to recover nominal damages, and this presents the only question raised in the case. We think the ruling at the circuit was correct, and is entirely in accordance with the decision of the Court of Appeals in the case of *Pumpelly* v. *Phelps* (40 N. Y., 59).

In that case the defendant was the trustee of Mrs. Catharine Van Rensselaer, the wife of Cornelius G. Van Rensselaer. By the terms of the trust the defendant had no authority to convey the land without the written consent of Mrs. Van Rensselaer, but soon after the appointment of the defendant as trustee, Mrs. Van Rensselaer told him that he need not consult her about the sale of any of the lands belonging to the said trust estate, but to confer with her husband on the subject, and to what they should agree upon she would give the required assent. The defendant Phelps, relying upon this assurance, acted upon it, and prior to making the contract in question had sold and conveyed many parcels of land, to the deeds for which Mrs. Van Rensselaer had given her written consent, not having in any case objected to what her husband and

the defendant thought proper to be done. And, in the case of the contract on which the action was brought, the defendant had entered into the agreement, in his own name, but with the concurrence of Cornelius G. Van Rensselaer, the husband, not suspecting any unwillingness on the part of Mrs. Van Rensselaer, but fully believing she would assent to the same. The defendant had repeatedly requested Mrs. Van Rensselaer to assent to the conveyance provided for by the contract, which was refused, for the reason that she would assent to no deed to the plaintiff upon any terms whatever. The reasons for the refusal were personal to Mrs. Van Rensselaer, and the refusal was in no respect caused or instigated by the defendant, and the defendant was not chargeable with any want of good faith, and it was made to appear that his conduct was governed by a well-grounded belief that the contract he made would be assented to by Mrs. Van Rensselaer. The cause was twice tried, and is reported on the appeal from the ruling on the first trial, on which the court had ruled, as tho counsel for the defendant claims in the case at bar, should have been the ruling as to the measure of damages. That ruling was, however, reversed. (*Brinckerhoff* v. *Phelps*, 24 Barb., 100.) The case was afterward retried, and a ruling similar to that made in this case, on the question of damages, was laid down, which ruling was sustained in General Term (see 43 Barb., 469), and ultimately sustained by the Court of Appeals in the case of *Pumpelly* v. *Phelps* (*supra*).

In that case, the General Term of the Supreme Court held, that " If one undertakes to sell land, knowing that he has no authority to convey, the question of good faith cannot arise, and he cannot claim and is not entitled to any protection on that ground. If, under such circumstances, he assumes to sell without being in a situation to convey, and without the power to confer any title, he does it at his peril, * * * he violates his contract, and must be held responsible for the damages occasioned by a breach of it."

The rule is a salutary one, in a case like the one at bar, for the modes by which, and the manner in which, parties sustaining the relations which existed between the defendant who had contracted and his joint tenant may be influenced, are often obscure

and impossible of proof or detection ; and it seems to be wise to remove from the contracting parties any temptation of pecuniary gain, to be made by a breach of a contract to convey upon a consideration deemed adequate at the time of entering into the contract.

In the case of *Margraf* v. *Muir* (57 N. Y., 155), which is relied upon as establishing a different rule of damages from that stated in the case of *Pumpelly* v. *Phelps* (*supra*), a specific performance was refused, upon the ground that the contract was unconscionable, and had been obtained from the vendor by the practice of deception on the part of the vendee, and in the latter case the case of *Pumpelly* v. *Phelps* is referred to, but instead of being overruled the principle adopted is recognized as constituting one of the recognized exceptions to the general rule, in regard to the measure of damages, in an action on an executory contract to convey ; it being stated in the opinion as one of the recognized exceptions to that rule, where the vendor has covenanted to convey " when he knew he had no authority to contract to convey. * * * In all such cases the vendor is liable to the vendee for the loss of the bargin, under rules analogous to those applied to the sale of personal property."

We think, therefore, that the ruling at the circuit was correct, and must be affirmed.

SMITH and HARDIN, JJ., concurred.

Judgment and order denying a new trial affirmed.