.Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ. Absent: McLAUGHLIN, J.

---

HARRY C. RICE, as Administrator of the Estate of DOROTHY C. RICE, Deceased, Respondent, *v.* NEW YORK STATE RAILWAYS, Appellant.

*Negligence — railroads — automobile struck by trolley car at crossing — action to recover for death of passenger.*

Rice v. N. Y. State Railways, 209 App. Div. 849, affirmed.
(Argued December 19, 1924; decided January 21, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 27, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Intestate died from injuries received when an automobile in which she was riding was struck by one of defendant's cars. The answer admitted the collision but alleged that it was due solely to the negligence of the driver of the automobile.

*Paul Folger* for appellant.
*Louis E. Fuller* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ. Absent: McLAUGHLIN, J.

---

HAROLD S. OSBORNE, Appellant, *v.* ALLEN CURTIS et al., Copartners, under the Firm Name of CURTIS & SANGER, Respondents.

*Conversion — action to recover stock deposited as collateral security.*

Osborne v. Curtis, 209 App. Div. 100, affirmed.
(Argued December 19, 1924; decided January 21, 1925.)

APPEAL from a judgment, entered June 12, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment

in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint which stated a cause of action for conversion. The plaintiff alleged that he was the owner of twenty shares of Wyoming Hotel Company common stock and that about February 1, 1916, he deposited the certificate for this stock, with executed stock power attached, with the defendant brokers as collateral security with other stocks and bonds for his trading account; that about March 8, 1922, plaintiff tendered to the defendants the amount of his indebtedness on his account and demanded his securities, including the twenty shares of Wyoming stock, and that defendants refused to accept the amount tendered and to return the twenty shares of Wyoming stock. A judgment for conversion was asked, compelling defendants to accept the amount tendered by plaintiff and surrender his securities. The answer of defendants admitted the allegations of the complaint, except those which established the conversion of the twenty shares of Wyoming stock. The first defense set forth that plaintiff about December 13, 1916, transferred the twenty shares of Wyoming stock to his brother, Ernest B. Osborne, who is now the owner. The second defense was that to secure the indebtedness of Ernest B. Osborne to the defendants and to prevent a sale of the securities owned by Ernest B. Osborne and held by defendants, plaintiff pledged the twenty shares of stock with the defendants.

*Lyman A. Spalding* and *William L. Woodward* for appellant.

*James Adam Murphy* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ. Absent: MCLAUGHLIN, J.