■ RONALD C. JANOFF, Respondent, v. SHEEPSHEAD TOWERS, INC., et al., Appellants et al., Defendants.— In an action by a contract vendee for specific performance of a contract for the sale of real property, for damages, and to declare invalid a prior unrecorded written lease by the vendor, defendant Sheepshead Towers, Inc., to the defendant Miramar Yacht Club, Inc., the said two corporate defendants and the individual defendant Robert Berfond appeal from so much of a judgment of the Supreme Court, Kings County, entered May 1, 1964 after a nonjury trial upon the court's opinions and decisions as is against them and as, *inter alia*: (1) declared that said lease is invalid and ineffective as against the plaintiff vendee; (2) declared that the plaintiff vendee is entitled to specific performance and to possession of the property, with an abatement of $125,000 in the purchase price; (3) directed the defendants Sheepshead Towers and Berfond to deliver to plaintiff a deed to the property free and clear of liens and incumbrances, except certain mortgages; and (4) directed defendant Miramar to remove from the property by October 1, 1964. Judgment, insofar as appealed from by the respective parties, reversed on the law and the facts, with costs to the defendant Miramar Yacht Club, Inc., against the defendant Sheepshead Towers, Inc.; complaint dismissed as against the defendants Miramar Yacht Club, Inc., and Robert Berfond, without costs; action severed as against said two defendants and as against the defendants not parties to this appeal (namely, the Cabana Club, Beyer, Steinberg and Halperin); and the action, as between plaintiff and the remaining defendant, Sheepshead Towers, Inc., remitted to Special Term for reconsideration *de novo* as to the remedies and damages to which the plaintiff is entitled as against the defendant Sheepshead Towers, Inc.; and for further proceedings and for the entry of a judgment not inconsistent herewith. Findings of fact, implicit and explicit, in the opinions and decisions of the Special Term, to the extent that such findings may be inconsistent herewith, are reversed, and new findings are made as indicated herein. The learned Special Term held that the unrecorded lease was invalid because the lessor, defendant Sheepshead Towers, Inc., " received

no consideration " and because the lease was merely " an accommodation " to an interlocking corporation, the defendant Sheepshead Cabana Club, Inc. In our opinion, the benefit to the interlocking corporation was adequate consideration to the lessor (*Seaver* v. *Ransom,* 224 N. Y. 233). In addition, the agreement of the lessee, defendant Miramar Yacht Club, Inc., to forego its right to insist upon the interlocking corporation's performance of its obligation under a previous instrument was adequate consideration. It was not essential that such agreement of the lessee be of any direct benefit to the lessor (*Osborne* v. *Curtis,* 209 App. Div. 100, affd. 239 N. Y. 616). The learned Special Term also held that the unrecorded lease was invalid as against the plaintiff because the lessee's possession was not of a nature sufficient to constitute constructive notice of its rights. However, the issue of constructive notice, in our opinion, is immaterial, for it is not disputed that plaintiff received actual notice of the lease and that plaintiff rejected title and refused to pay the balance of the purchase money by reason of the existence of the lease. Under these circumstances, the plaintiff received the same notice as it would have received had the lease been a matter of record. Since plaintiff had actual knowledge of the lease prior to the payment of the full purchase price and prior to acceptance of the legal title, he was not a bona fide purchaser and is not entitled to ownership free of the lessee's rights (*Pollack* v. *Viele,* 273 App. Div. 871, mot. for rearg. and lv. to app. den. 273 App. Div. 910, affd. 298 N. Y. 670; *Genet* v. *Davenport,* 66 Barb. 412, affd. 56 N. Y. 676; *Macauley* v. *Smith,* 132 N. Y. 524; *Wright-Blodgett Co.* v. *United States,* 236 U. S. 397). In our opinion, the lease was not affected by the provisions of section 20 of the Stock Corporation Law [now Business Corporation Law, § 909] (*Keating* v. *Coleman,* 214 App. Div. 668; *Eisen* v. *Post,* 3 N Y 2d 518). In any event, no such issue was directly raised or litigated at Special Term. Had it been there raised, the issue could have been resolved by proper proof of authorization or ratification. Finally, we are of the opinion that the subject lease was not a mere license, terminable at will. By its terms, the lessee, for a valuable consideration, was granted and was entitled to exclusive occupancy rights in the subject property, and such occupancy could be extended over a period of many years. The lease, therefore, was not a mere license (*Meers* v. *Munsch-Protzmann Co.,* 217 App. Div. 541; *Miller* v. *City of N. Y.,* 20 A D 2d 720; *Williams* v. *Hylan,* 223 App. Div. 48, affd. *sub nom. Williams* v. *City of N. Y.,* 248 N. Y. 616; cf. *Lordi* v. *County of Nassau,* 20 A D 2d 658, affd. 14 N Y 2d 699). However, the plaintiff is entitled to recover his actual damages from the vendor, the defendant Sheepshead Towers, Inc., despite the clause in the contract which purports to limit the vendor's liability. We are in accord with the learned Special Term which held that, by its terms and by established precedent such a limitation-of-liability clause is unavailing for the purpose of limiting the damages flowing from willful or inexcusable default (*Cockcroft* v. *New York & Harlem R. R. Co.,* 69 N. Y. 201; *Mokar Props. Corp.* v. *Hall,* 6 A D 2d 536). It is our opinion that the plaintiff has no right to recover damages against the defendant Berfond personally. The learned Special Term has properly determined that Berfond committed no fraud. Berfond was a corporate agent and may not be held responsible, either for the corporation's breach of contract, or for inducing such breach (*Greyhound Corp.* v. *Commercial Cas. Ins. Co.,* 259 App. Div. 317; *Potter* v. *Minskoff,* 2 A D 2d 513, affd. 4 N Y 2d 695). We are remitting this action to the Special Term for the reconsideration of remedies and damages as between plaintiff and the remaining defendant, Sheepshead Towers, Inc. We are doing so because the plaintiff, in view of this decision, may find it advantageous to select the remedy of damages rather than the remedy of specific performance. Such selection should be the prerogative of the plaintiff. Should the plaintiff, however, still desire specific

performance, that remedy should be granted him upon new terms not inconsistent herewith. Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment, with the following memorandum: In my opinion, the defendant Berfond had no authority to execute the 63-year lease on behalf of the lessor, the defendant Sheepshead Towers, Inc., without the approval of its stockholders, since the lease was entered into by it solely for the benefit of and as an accommodation to the defendant, Sheepshead Cabana Club, Inc. Such a transaction was not part of the regular course of business of the lessor corporation.