OPINION OF THE COURT
Eve Preminger, J.
Can a defendant defeat a summary judgment motion on the ground that he is only liable as a result of the actions of the third-party defendant? What law governs a liquidated damages clause in a sale of a co-op apartment? These questions are raised by plaintiff’s motion for severance of the causes of action set forth in the third-party complaint and for summary judgment on plaintiff’s complaint.
Plaintiff sought to sell her cooperative apartment unit and on June 14, 1984 entered into an agreement with defendants under which defendants were to pay $290,000 for plaintiff’s share in the 32-34 West 74 Street Housing Corporation. Defendants tendered $29,000 to plaintiff as down payment at that time.
Two weeks later defendants stopped payment on their check. Treating defendants’ actions as a default, plaintiff then proceeded to hire a broker to find a new buyer, and on July 12 agreed to sell her shares to another party for $270,000. Plaintiff was required to pay the broker $13,200 for her services in finding a buyer.
Plaintiff brought suit against defendants for breach of contract; her complaint seeks damages in the amount of $33,200 representing the $20,000 loss suffered when she was forced to sell her shares for $270,000 instead of $290,000 plus the broker’s commission of $13,200.
Defendants served an answer denying liability and subsequently brought a third-party action against the attorneys who had represented them on the sale. According to defendants, their counsel (third-party defendants) informed them that there was no contract in effect between them and plaintiff, and to the extent that a contract had existed at one time, it had been canceled. Acting upon this advice, defendants stopped payment. Defendants thus seek to hold their attorneys liable for any sums for which they may be liable to the primary plaintiff.
Plaintiffs seek severance of the third-party action and summary judgment on their own complaint.
*373 Documentary evidence adduced by defendants as well as by plaintiff establish the existence of an executed contract of sale and that defendants stopped payment on their $29,000 check. These facts, in and of themselves, establish defendants’ breach (Rawcliffe v Aguayo, 108 Misc 2d 1027; Helmes Co. v Press, NYLJ, Feb. 6, 1985, p 11, col 7). Defendants attempt to obscure the fact of their breach by raising the existence of a variety of factual issues, few if any of which withstand close analysis. To the extent that they are more than gossamer or shadow issues they relate solely to the third-party complaint. However, whether or not defendants acted solely upon the advice of counsel, they are still liable for their breach. Defendants’ liability on the original contract thus being beyond dispute, it is appropriate to grant summary judgment to plaintiff and to sever plaintiff’s cause of action from the third-party action for which resolution in a plenary proceeding may still be required (CPLR 603, 3212; and see generally, Janos v Peck, 21 AD2d 529; Statewide Sav. & Loan Assn. v Sawyerkill Enter., 65 AD2d 887).
There remains only the question of plaintiff’s damages. Plaintiffs cannot recover damages in the amount requested as its contract with defendants contained the standard liquidated damages clause, which restricts the seller’s damages in the amount of purchaser’s default to the down payment ($29,000). Plaintiff argues that in the event of willful default, damages exceeding those provided for in a liquidated damages clause may be granted. The cases cited by plaintiff stand only for the proposition, however, that in the event of fraud or bad faith on the part of the vendor of realty the purchaser may prove his actual damages and that clauses in the contract which limit the vendor’s liability may be disregarded (Janoff v Sheepshead Towers, 22 AD2d 950; and see, Mokar Props. Corp. v Hall, 6 AD2d 536; Cockcroft v New York & Harlem R. R. Co., 69 NY 201). As this is a case of breach by the purchaser, these cases are clearly inapplicable.
In breach of realty contracts in the absence of a liquidated damages clause the measure of seller’s damages is the difference in contract price and the price at which the vendor subsequently sells the property. (Cohen v Kranz, 15 AD2d 938, affd 12 NY2d 242), or the difference in selling price and market value at the time of the breach (Hayden v Pinchot, 172 App Div 102). Where the purchaser has given the vendor a down payment, the vendor is entitled to keep it upon purchaser’s breach, and he may additionally recover up to the amount *374 of his actual and consequential damages (Lawrence v Miller, 86 NY 131; Tague Holding Corp. v Harris, 250 NY 422). Where, on the other hand, a liquidated damages clause has been inserted in the contract, it will be upheld, unless it is determined to be a penalty and seller’s recovery is limited to the amount provided for (Downtown Harvard Lunch Club v Racso, Inc., 201 Misc 1087 [Sup Ct, NY County]).
Shares in a cooperative are not, however, realty but are goods as defined in UCC article 2 (Silverman v Alcoa Plaza Assoc., 37 AD2d 166). The measure of damages stemming from breach of a contract for sale of a cooperative apartment unit is, therefore, governed by UCC 2-718. Thus, if the contract contains no liquidated damages clause, the vendor may prove his actual damages, and if, as in the instant case, it does, the clause governs unless it is so unusually large that it is in the nature of a penalty. As the $29,000 figure provided for in the instant contract is actually smaller than the actual damage suffered by plaintiff in view of the brokerage commissions he was forced to pay, and as the clause otherwise satisfies the criteria of UCC 2-718 (1) the court finds the plaintiff’s recovery should be no more or less than that amount (Brecher v Laikin, 430 F Supp 103 [SDNY 1977]).
Plaintiff’s motion for summary judgment is granted to the extent that judgment is granted to plaintiff in the amount of $29,000 with interest from June 14, 1984, costs and disbursements. The third-party action is severed and continued.