BLEEKER and others *v.* GRAHAM and another.

---

If adverse claims arise as to the deposit money received by an auctioneer—one party insisting upon its return and the other on its being paid over—the auctioneer may file a bill of interpleader.

Bills of interpleader are not to be encouraged, where there is any other mode of adjusting conflicting claims with perfect safety to the stakeholder. Still, a party holding a fund in which he has no interest and to which adverse claims are set up, is not bound to stand an action at law under a promise or offer of indemnity. Nor is he obliged to exercise any judgment on the subject of the right between the parties when one threatens or commences a suit and the other forbids payment.

In order to work a forfeiture of a deposit on an auction sale, there must have been an express stipulation to that effect.

---

Bill of interpleader. The complainants were auctioneers; and had been employed by the defendant, John Graham, to sell two lots of ground by auction. The other defendant, John Scudder, became the purchaser at the sum of two thousand seven hundred dollars. He paid down, pursuant to the terms of sale, ten per cent. of the purchase money; and the residue was to be forthcoming (at a specified time) on the delivery of the deed. The complainants gave to Scudder a written receipt for the ten per cent., which was therein called a deposit; and in the body of this receipt was inserted the following: "This deposit will, under no circumstances, be paid over to either buyer or seller without their mutual consent and the production of this receipt." The purchaser was the holder of such receipt.

Some difficulty occurred between the parties about fulfilling the contract at the time specified. The vendor tendered a deed, which the purchaser refused; and both of them demanded the deposit—each offering to indemnify the complainants against the claim of the other and forbidding the money to be paid over. The complainants declined paying over the amount to either without " mutual consent." The defendant, John Graham, claimed the money and com-

1836.

BLEEKER
v.
GRAHAM.

menced an action at law against the complainants. The latter then filed their bill; and to which the defendants answered. The cause came before the court on bill and answers.

Mr. *A. L. Mc Donald,* for the complainants.

Mr. *C. F. Grim,* for the defendant, John Scudder.

*February* 22
1836.

Mr. *D. Selden,* for the defendant, John Graham.

THE VICE-CHANCELLOR:—The first and only question to be disposed of, in this stage of the cause, seems to be this: whether the bill is necessary and properly filed?

An auctioneer, in making a sale, is considered in law the agent of both vendor and purchaser; and hence it is that he becomes a mere depositary or stake-holder of that part of the purchase money which, by the conditions of sale, is required to be paid down. When the contract is completed, it is to be paid over as a part of the purchase money, If the contract falls through without any fault of the purchaser, he is entitled to a return of the money; but, should a dispute arise, as in the present case, and both parties claim adversely to each other—one insisting upon a return and the other upon its being paid over—then the auctioneer, not being able to decide between them nor obliged to take upon himself the risk of a determination, may file a bill to compel them *to interplead and adjust the matter between themselves:* 1 Sugden on Vend. (9 Ed.) 47, 49.

This doctrine is as applicable to an auctioneer as to any other depositary or stake-holder: *Fairbrother* v. *Prattent,* Dan. R. 64, *S. C.* 5 Price, 303.

But bills of interpleader ought not to be encouraged, if there be any other mode by which the rights of conflicting claimants can be adjusted with perfect safety to the stake-holder. In these auction sales the deposit is often small in amount; and I should regret to see a bill of this sort filed every time a dispute arose about completing the contract. Such disputes are not unfrequent, owing to some supposed or real defect of title or misunderstanding of the particulars

of sale. The expense of a bill very soon absorbs a considerable portion, if not the whole, of the fund in controversy. I do not know, however, that the court can avoid entertaining these bills. A party holding a fund in which he has no interest and to which adverse claims are set up, is not bound to stand the action at law even under a promise or covenant of indemnity. For, suppose he takes a bond or covenant for that purpose, still he may be put to the trouble and expense of a suit for his reimbursement and, after all, the security which he has taken may prove unavailing. This is a consequence which can be effectually avoided only by not rendering it obligatory upon him, under any circumstances, to accept a bond or promise of indemnity and take the defence upon himself.

The court of chancery must, therefore, continue to interfere until, by legislative enactment, some cheaper and less complicated remedy is provided : like that which has been adopted by act of parliament, in England, where any person sued at law for money or other thing in his hands, to which he makes no claim himself, but to which adverse claims are made by third persons, may, at once, by an application to the court of law in which he is sued or to any one of its judges at chambers, compel such adverse claimants to interplead and thus obtain exemption from all further participation in their controversy.

It is, nevertheless, contended, on the part of the defendant, John Scudder, that, aside from the circumstance of an offer of indemnity, provided the complainants would return the deposit, there was no necessity for filing the present bill, because the condition upon which they received it was a sufficient protection to them so long as his consent to the payment over of the money was withheld. I am inclined to think that Graham cannot recover in the suit at law without proving Scudder's consent to the payment over, especially if the auctioneers can show that the condition, upon which they received the deposit, expressed as in the receipt, was made known to the vendor at the time and no objection was raised by him on the ground of its not being in conformity with the terms of sale ; and I suppose that the form of receipt given in this case is adopted by the auctioneers with

a view to save themselves from all trouble in relation to the deposit, except merely the trouble of paying over the money or returning it when the parties mutually consent. But be the effect of this clause in the receipt what it may, if the parties get into a controversy and a suit is commenced against the auctioneer by one of them, although it may be very obvious that the plaintiff at law cannot recover, still I am of opinion the complainant here is not bound to wait and take his chance of defending the action. This principle was stated in *Langston* v. *Boylston,* 2 Ves. Jr. 109, and recognised in *Atkinson* v. *Manks,* in Error, 1 Cowen, 692, where Mr. Justice Sutherland very clearly explains the nature and object of a bill of interpleader; and lays it down as a rule that a stakeholder is not bound to exercise any judgment on the subject of the right between the parties, where one threatens or commences a suit and the other forbids the paying over of the money. There can be no great hardship upon the party having the right of the case, in adhering to this rule : for when it is ascertained which of them has preferred a false claim, the costs of the bill of interpleader, as well as of the litigation generally, can be imposed upon him.

I must hold the bill to be properly filed; and that the complainants are entitled to costs out of the fund to be taxed.

This being settled, the case must then be put in a train for decision between the defendants.

A suit at law has already been commenced, which is calculated to test the right set up by the defendant, John Graham, to the deposit; and there can be no difficulty in permitting that action to go to a trial, with liberty to Scudder to defend it. I shall order (following substantially the precedent mentioned in the note in Daniell's Reports, 68,) that Graham be at liberty to proceed in the action at law commenced against the present complainants, which the defendant Scudder is to defend in their names ; that both of the defendants shall be bound by such verdict as may be rendered therein and allowed to stand by the judges : but judgment is not to be perfected, nor execution issued, until this cause shall be further heard after the said trial

and the *postea* is brought into this court. The defendants or either of them are to be at liberty to examine the present complainants as witnesses on the trial of such action ; and the consideration of the question whether either and which of the defendants shall pay over to the other the amount of the complainants costs to be taken out of the fund in hand, the costs of the action at law and also the defendants costs of this suit and all further directions must be reserved until after the trial of such action at law.

I would, however, suggest, for the consideration of the defendant, John Graham, whether he has not mistaken his course in claiming the deposit and bringing an action to recover the specific money or some part of it, even if he can make it appear that Scudder's refusal to complete his purchase was without just cause and that he, Graham, has been damnified by such refusal. I do not understand by the terms of sale—as set out in the bill now before me and admitted in the answers—that if the purchaser failed to complete the purchase, the deposit should be forfeited and the proprietor be at liberty to re-sell the lots and charge the first purchaser with the deficiency and the expenses.

An express stipulation to that effect appears to me to be necessary in order to give the vendor a right to re-sell on account of the first purchaser and to recover from him any deficiency and charges ; and more especially is such a stipulation or condition necessary in order to work a forfeiture of the deposit : 1 Sugden, 40, 51. Now, the defendant, Graham—as appears from his own answer—instead of pursuing a legal remedy for the purchase money after a tender of the deed or filing a bill in this court for a specific performance by the purchaser, employed the same auctioneers to re-sell the property. Could he do this and, at the same time, retain the former contract of sale in force ? There was nothing expressed in such contract to authorize it. But he did not even wait to try the experiment of a re-sale at auction in order to see whether more or less than the first price would be realized. He sold the lots at private sale, at the same price the first purchaser was to pay ; and if, after this, he is entitled to compensation for his trouble and expense in effecting such re-sale, his remedy, if any,

must be against Scudder personally for damages and not against the auctioneers in respect to the deposit in their hands. He has not taken care to secure to himself any right to or lien upon the fund by any thing contained in the contract; and can the law, then, confer it upon him?

I throw out this intimation of what my views are on this part of the case for the defendant, Graham, to consider whether it would not be for his interest to submit, at once, to an adjudication of the point, without further litigation and expense?