JOHN A. ELLISON

*v.*

SAMUEL KERR.

1. AUCTIONEER — *liability for deposit to purchaser.* The general rule is that where real estate is sold at auction, until the sale is completed the auctioneer is regarded as a stake-holder of the deposit when any is required to be made, and he should not pay it to either party without the consent of the other.

2. When nearly two years are suffered to elapse after a sale of land at auction, before the purchaser makes any demand of the auctioneer for a deposit made with his firm, and no notice is given to retain the same, and some five months after the sale the purchaser takes a written contract of sale from the owner, in which such owner acknowledges the receipt of the money so deposited, and the auctioneer is induced by the acts of the purchaser in settling with his principal, the vendor, to pay to the latter the deposit money, no recovery can be had by the purchaser against the auctioneer.

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

In July, 1873, John A. Ellison, of the firm of Ellison & Foster, as auctioneers, sold a lot to Samuel Kerr for the sum of $550, of which sum $50 was paid in cash to the auctioneer acting, to secure the good faith of the bid. It was published by the auctioneer the title to the property was good, and that Picket, the owner, then present, would furnish an abstract showing a perfect title, and on compliance with the terms of the sale he would make the purchaser a warranty deed. The purchaser himself frequently applied to the owner for an abstract and deed, but without success. In December thereafter he accepted from the owner a contract in writing, in which it was recited the owner had received from the purchaser $50 on the price to be paid for the lot, and conditioned as to terms on which a deed would be made as published at the sale, and also provided the deed and abstract should be delivered on or before February 1, 1874. This contract was signed by both parties, and was placed on record in the proper office. On the day named in the agreement the purchaser again went to the owner and

asked him for the deed and abstract, but he was unable to furnish them. After that he made frequent applications to the owner for the abstract and deed, but with no better success. Some time in the spring of 1875 the owner disclosed to the purchaser the premises embracing the lot bought by him had been sold under a trust deed given by him before the auction sale, and that he himself could not give a deed for the lots bought by him, but the purchaser at the trustee's sale, then residing in Cincinnati, would. No deed or abstract was ever tendered to the purchaser at the auction sale. Shortly after the interview between the owner and plaintiff, the latter went to defendant and showed him the check for the $50, and asked him to refund the money so advanced at the auction sale, which he refused to do, and thereupon this suit was brought to recover it. It is proven defendant had, long before this suit was brought, settled with the owner of the property sold, and in that settlement had accounted for the $50 advanced at the auction sale. The cause was tried before the court without the intervention of a jury, and judgment rendered for plaintiff for the amount claimed. Defendant brings the case to this court on appeal.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellant.

Messrs. KERR & MATTHEWS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

There being no controversy as to the facts of this case, but one question can arise, viz., whether, after the elapse of so great a period, defendant's firm is liable to refund the sum of money deposited with them, the owner of the lot sold having failed to furnish an abstract of title so the sale could be completed.

The general doctrine on this subject seems to be that, where real estate is sold at auction, until the sale is completed the auctioneer is regarded as a stake-holder of the

deposit, where any is required to be made, and should not pay it to either party without the consent of the other. In relation to it he is treated as agent for both seller and buyer. Paley on Agency, 392* ; Wharton on Agency, sec. 252 ; Dart on Vend. & Pur. 81, 82. Reference to a few cases illustrative of the application of the principle may aid in a clearer understanding of the rule adopted.

An early case is *Burrough* v. *Skinner*, 5 Burr. 2639. In that case it did not appear the money had been paid over by the auctioneer to his principal, but, whether that is so, objection seems to have been made before it either was or ought to have been so paid over.

A recovery was permitted in *Edwards* v. *Hadding*, 5 Taunt. 815, for two reasons : first, because defendant or attorney had notice the title to the property had not been completed before he paid over the money deposited with him ; and, second, he misled plaintiff to sue him, by not saying he had paid it over to his principal when demand was made upon him.

In *Gray* v. *Gulleridge*, 1 Man. & Ryl. 614, defendant, who was an auctioneer, by contract signed, acknowledged he had sold the real estate, and agreed to complete the sale according to the terms published, and having chosen in that way to bind himself as principal, he was held liable. But, independently of that view, the court go on to say, on the authority of *Burrough* v. *Skinner*, *supra*, it was the duty of defendant to keep the money until the sale was completed, without notice from plaintiff to that effect.

Exceptional cases, however, may arise which make it imperative, to prevent injustice, there should be a modification of the general rule adopted, and the case in hand, it is apprehended, is one of that character. Should the principle declared be applied with that strictness with which it is expressed in the text-books and in some of the reported cases, it would in many instances work great hardships.

In this case near two years elapsed before any demand was made by plaintiff on defendant for the money deposited

with his firm.   No notice was given to retain the money for his benefit, and in the meantime defendant accounted for the money deposited with him, in a settlement made with the owner of the estate sold.   During all that time plaintiff had been negotiating with the owner for the title to the property.   Five months after the auction sale he accepted a written contract from the owner, in which it was acknowledged the money deposited with defendant was in his hands, and in which it was also agreed the owner should furnish an abstract and deed for the property by February 1, 1874.   That the owner failed to do, and yet plaintiff continued to negotiate with him in regard to the consummation of the sale until the spring of 1875, without any notice to defendant to hold the deposit for his benefit.   The conduct of plaintiff would warrant the belief, in the mind of any reasonable person, payment could be properly made to the owner, for whose use the deposit had been made with the auctioneer.   Taking the contract in which it was recited the money was in the hands of the owner is evidence of plaintiff's understanding that payment could rightfully be made by defendant to his principal, and defendant, under a belief induced by the conduct of plaintiff, might well proceed to settle with the owner of the property on that hypothesis, and, having done so, it would be inequitable to permit plaintiff, under the circumstances, to recover it of defendant.   Both plaintiff and the owner of the property treated the money advanced on the purchase as being in the hands of the latter, and he is alone responsible for it to plaintiff.

The judgment will be reversed and cause remanded.

*Judgment reversed.*