JACOB H. V. COCKCROFT, Appellant, *v.* ADRIAN H. MULLER et al., Respondents.

A purchaser at an auction sale of real estate, who, in accordance with the terms of sale, has paid to the auctioneer a portion of the purchase-price, may, upon failure of the vendor to convey a perfect title as agreed, maintain an action to recover his deposit, either against the auctioneer or the vendor, or both, and is entitled to interest from the time of a demand for the money and a refusal to pay. He is entitled, however, to but one satisfaction; and a recovery and satisfaction of the judgment against either the vendor or auctioneer will discharge the other.

Where, therefore, in an action against the vendor, plaintiff failed to prove a demand, and so was refused interest. *held,* that the satisfaction of said judgment was a bar to an action against the auctioneer, although in the latter action proof was given of a demand and refusal.

By the terms of a receipt for the deposit, given by the auctioneer upon such sale, it was declared that payment was made and received, payable to the seller on return of the receipt, indorsed by the purchaser.

On trial of an action against the seller to recover the deposit, plaintiff indorsed and delivered the receipt to the clerk of the court for the seller, to whom it was delivered by order of the court; *held,* that thereby the seller became entitled to the money, and that an action could not be maintained by the purchaser against the auctioneer.

(Argued November 23, 1877; decided December 4, 1877.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, in favor of defendants, entered upon an order overruling plaintiff's exceptions, and directing judgment on an order dismissing the complaint on trial.

This action was brought to recover back a sum of money alleged to have been paid by plaintiff to defendants, on a sale at auction, by the latter as auctioneers, of certain premises in the city of New York, on account of the New York and Harlem Railroad Company. The sale was made February 7th, 1867. By the terms of sale the seller was to give a good title, free and clear of all incumbrances, and to deliver a deed by March 5th then next. The purchaser was to pay down ten per cent of the purchase-price. Plaintiff bid off the property and paid the ten per cent required, receiving a receipt therefor, which contained this clause: "This payment is made and received in reference to the condition announced at the sale, and payable to the seller on the return of this receipt to us, indorsed by the purchaser." The land was incumbered by two mortgages, and in consequence the company was unable to give a good title.

It appeared by the evidence that a demand was made of defendants for a return of the deposit in July, 1868, and a refusal to pay the same.

It also appeared that before the bringing of this action plaintiff sued the vendor for a breach of the contract of sale, and recovered in that action for the moneys deposited with the auctioneers, but having omitted to make proof of a demand was not allowed interest. (See report of case on appeal, 69 N. Y., 201.) The receipt so given was indorsed by plaintiff on the trial of that action and delivered to the clerk of the

court for the company, and (as the court here infer) was delivered to it on order of the court.

*Charles N. Black*, for appellant. The railroad company having failed to deliver to plaintiff a good title, the latter had a right to sue for and recover back the money paid by him. (Add. on Con. [6th ed.], 96.) The railroad company and auctioneers are each severally liable for the money paid by plaintiff. (Chitty on Con., 312.)

*George H. Forster*, for respondents. Defendants' liability was discharged by the recovery against their principal by plaintiff in his action against it of the money sued for here. (*Colvin v. Hobbrock*, 2 N. Y., 126; *Simpson v. Gerard*, 2 Bosw., 607; *Drury v. Manhat. Co.*, 2 Den., 118; Story on Agency [3rd ed.], § 295; *Teaffe v. Simmons*, 11 Al., 342; 2 Sugd. on Vendors [8th Am. ed.], 329; *Farquhar v. Darley*, 7 Taunt., 598; Chitty on Con., 270–280; *Burroughs v. Skinner*, 5 Burr., 2639; *Harrington v. Hoggart*, 1 B. & Ad., 577, 586; *Pounsett v. Fuller*, 17 C. B., 660; *Flureau v. Thornhill*, W. Bl'k., 1078.) Evidence as to the proceedings in plaintiff's suit against the company was proper. (*Rathbone v. Stocking*, 2 Barb., 145; *Moyer v. Shoemaker*, 5 id., 319, 322; *Mason v. Bovet*, 1 Den., 69, 74; *Hogan v. Weyer*, 5 Hill, 390; *Voorhees v. Earl*, 2 id., 288, 293.) Interest could not be recovered by plaintiff. (Chitty on Con. [7th Am. ed.], 308, notes d and c; 2 Sugd. on Vendors, 329, 330.)

ALLEN, J. The plaintiff had an action for the recovery of his deposit, either against the present defendants, the auctioneers, or their principal, the New York and Harlem Railroad Company, and he might have brought separate actions against each at the same time, and prosecuted both to judgment, but could have had but one satisfaction. A recovery against either and a satisfaction of the judgment would discharge the other. The plaintiff was entitled,

against the principal, to interest upon the deposit, and as it seems also against the auctioneers the stakeholders, from the time of a demand of the money and a refusal to pay by them, although the liability of the auctioneers to pay interest was at one time doubted. (*Farquhar* v. *Farley*, 7 Taunt., 593; *Lee* v. *Munn*, 8 id., 45; *Maberley* v. *Robins*, 5 id., 625; *Burroughs* v. *Skinner*, 5 Burr., 2639.) The plaintiff had a judgment against the railroad company for the amount of his deposit, with his other expenses, but was refused interest for the reason that no demand had been made for the money. That judgment was affirmed upon appeal to this court, and although it appears by the evidence in this action that a demand was made of the defendants for a return of the deposit in July, 1868, the plaintiff omitted to prove the fact in the action against the railroad company, and that judgment having been satisfied as was assumed upon the argument of this appeal, although not appearing by the record, this action is barred; although upon the evidence here, the plaintiff but for such recovery and satisfaction might be entitled to interest.

There is another conclusive answer to this action. By the acknowledgment of the receipt of the money sued for, which expresses the terms upon which it was paid and received, and constitutes the contract between the parties to this action, it was declared that the payment was made and received in reference to the conditions announced at the sale, and payable to the seller on the return of the receipt indorsed by the purchaser. The plaintiff indorsed the receipt and delivered it to the clerk of the court for the seller, the Harlem Railroad Company, on the trial of the action against that company, and although the case is defectively made up, it is plainly to be inferred that the company has, by order of the court, obtained possession of the receipt, and become entitled to the money for which the plaintiff now sues.

A new trial, if one should be granted, would not avail the plaintiff, and would only add to the costs with which he would be chargeable, for it would then be made to appear certainly

that the judgment against the railroad company had been paid, which would absolutely bar this action, and it would also probably appear that the company had obtained the money from the defendants, on the presentation of their receipt, indorsed by the plaintiff, which would also constitute a defense to this action. But upon the present record the judgment must be affirmed.

All concur, except EARL, J., absent.

Judgment affirmed.