Van Hoesen, J.
Chitty on contracts, vol. 1, 426, (11th Am. Ed.), thus states the law: “If the seller violate the agreement, either by omitting to show a good title in due time, or by refusing to execute the conveyance, the vendee may maintain an action against the auctioneer, to recover the deposit, but not the expenses, or interest; or against the vendor, to recover the interest and expenses, as well as the deposit; and in some cases, for the loss of the bargain.
*580 Again it is said, ‘ ‘ The auctioneer is a stakeholder between the parties, and, in strictness, an action maybe maintained against him to recover the deposit, without giving him notice of'the vendors default.”
"The court of appeals in Cockcroft v. Miller (71 N. Y., 370) say that the right to recover ’ interest from the auctioneer, was at one time doubted, but that such a right exists where the auctioneer has refused to return the deposit after a demand has been made upon him for it. In the state of New York therefore, the liability óf the auctioneer for interest upon the deposit, from the time of his refusal to return it to' the purchaser is not to be doubted.
The defendant in this case was hable for the deposit and for nó more, because there is no evidence that the return of the deposit was demanded. A demand of the deed was proved, and the plaintiff was referred to the vendor’s attorney, but no demand of the deposit was shown. Interest upon the deposit, was not therefore, recoverable.
The district court erred in allowing the plaintiff to recover his expenses from the auctioneer. This is too clear to require argument.
"It is highly probable that the plaintiff would have been compelled to accept the conveyance, if the vendor had chosen to avail himself of the remedy that an action for " specific performance would have afforded him, but he has not sought relief in equity, and his "rights are not now before us for determination.
The proper course for us, is to modify the judgment, by deducting therefrom everything that the district court erroneously awarded to the plaintiff. The judgment should have been for the deposit, $102, with the costs of that court, making in ail $119.50, and for that amount, the judgment is affirmed without costs of the appeal.
Daly, J., concurs.