MAHON *et al. v.* LISCOMB *et al.*

*(Common Pleas of New York City and County, General Term.* June 6, 1892.)

AUCTION SALE OF LAND—RECOVERY OF DEPOSIT BY VENDEE—PARTIES.

For breach of a contract of sale or for false representations the vendee of land sold at auction has a cause of action against the vendor, as well as against the auctioneer, to recover a deposit paid to the auctioneer at the time of the sale.

Appeal from special term.

Action by Martin Mahon and Edward Coyne against William H. Liscomb, Eliza Jane Armour, John F. B. Smyth, and Alfred A. Liscomb, to recover a deposit made at the time of purchasing land, and for damages for breach of contract of sale, and false representations. From an interlocutory order overruling his demurrer, Alfred A. Liscomb appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Charles Haldane,* for appellant. *Platt & Powers,* for respondents.

DALY, C. J. The defendant Smyth is a real-estate auctioneer, and sold at public auction certain premises in this city for the other defendants, owners thereof. The plaintiffs purchased at the sale, and paid 5 per cent., or $3,-492.50, in cash to the auctioneer, besides paying auctioneer's and exchange salesroom fees, and making disbursements for searches, counsel fee, and survey. They brought this action, alleging misrepresentations by the owners to induce the purchase; also, that the premises were incumbered, and asking judgment for the amount so expended, and that the same be declared a specific lien upon the said premises. The relief asked against the defendant Smyth is the repayment of the 5 per cent. received by him, and any interest he may have received thereon. The defendant Liscomb demurs on the grounds (1) that plaintiffs have improperly united two causes of action, viz.; a cause of action existing against Smyth alone for the repayment of the $3,492.50, and the cause of action against the other defendants for damages arising from the alleged breach of the contract of sale and for false representations; (2) on the ground that the complaint does not state facts sufficient to constitute a cause of action.

If the complaint states two causes of action, they are (1) for damages for breach of contract to give title free from incumbrances; (2) for damages for false representations inducing the sale. This is not, however, the defect specified in the demurrer. The Code provides that the demurrer must distinctly specify the objections to the complaint, and an objection that causes of action have been improperly united "must point out specifically the particular defects relied upon." Code, §§ 488, 490. If the pleading is not defective in the respects specifically pointed out in the demurrer, then the provisions of the Code are not complied with, and the demurrer may be disregarded, although other grounds of demurrer exist. *Dodge* v. *Colby,* 108 N. Y. 445, 15 N. E. Rep. 703. The objection specified in the demurrer is that the claim for the repayment of the 5 per cent. deposit is a cause of action against the auctioneer alone; but this is not so. An action may be maintained against the auctioneer or against the vendors upon that demand. *Cockroft* v. *Railroad Co.,* 69 N. Y. 201; *Cockroft* v. *Muller,* 71 N. Y. 367. A recovery upon either cause of action stated in the complaint would include the amount of the deposit, and, as the defendant Smyth does not demur to being joined as a defendant in this action, the other defendants cannot complain. The second ground of demurrer is not pressed. The judgment must be affirmed. All concur.