(82 Misc. Rep. 515.)

### MERRITT v. ARCHER.

(Supreme Court, Trial Term, Orange County.  November 12, 1913.)

1. AUCTIONS AND AUCTIONEERS (§ 9*)—LIABILITY OF AUCTIONEERS.

   A purchaser of land at an auction could not recover the down payment from the auctioneer who had accounted therefor to his principal, though the principal was unable to convey a good title, where the principal was disclosed in the advertisements and at the sale and the purchaser knew that the auctioneer was acting only as agent.

   [Ed. Note.—For other cases, see Auctions and Auctioneers, Cent. Dig. §§ 41–43; Dec. Dig. § 9.*]

2. AUCTIONS AND AUCTIONEERS (§ 9*)—LIABILITY OF AUCTIONEERS.

   Where an auctioneer sells in his own name without disclosing the name of his principal, he is personally liable for the down payment where title to the land fails.

   [Ed. Note.—For other cases, see Auctions and Auctioneers, Cent. Dig. §§ 41–43; Dec. Dig. § 9.*]

Action by Thomas Merritt against Theodore F. Archer. On motion by both parties for a directed verdict. Verdict directed for defendant.

Frank Lybolt, of Port Jervis, for plaintiff.
Leander B. Faber, of Jamaica, for defendant.

TOMPKINS, J.  [1] The defendant was the auctioneer at a public sale of lots and plots of land belonging to the Engelhardt Construction Company, and as such auctioneer, on July 4, 1907, struck down to the plaintiff certain lots for the sum of $12,125, which was the amount of the plaintiff's bid therefor. Plaintiff thereupon paid to the defendant, as such auctioneer, the sum of $1,212.50, being 10 per cent. of said bid, and the further sum of $50, being the auctioneer's fee, which, by the terms of sale, was payable by the purchaser. In July, 1913, nearly six years later, and long after the defendant had accounted to his principal for the proceeds of the auction sale, the plaintiff brought this action against the auctioneer to recover the amount paid to him as aforesaid, alleging that at the time fixed for closing the sale the Engelhardt Construction Company was unable to deliver a good title, free from incumbrances, restrictions, etc., and plaintiff thereupon demanded a return of his money from the vendor, the Engelhardt Construction Company. It appears that thereafter, the construction company brought an action against the plaintiff to compel specific performance, in which the plaintiff set up a counterclaim for the amount paid by him to the auctioneer and now sought to be recovered in this action, which action is pending and undetermined. The plaintiff acknowledges that at the time

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the sale he knew that the Engelhardt Construction Company was the owner of and was selling the property, and that the defendant was only acting as auctioneer, and as its agent. There is no claim that there was any deceit practiced upon the plaintiff, or any concealment of the principal. On the contrary, it is admitted that the principal was disclosed in the advertisements and at the sale, and the plaintiff knew that the defendant was acting only as the agent of the owner. It is not denied that the defendant paid the amount received from the plaintiff to his principal soon after the sale, and years before this action was commenced.

Under these circumstances, it seems quite clear to me that the plaintiff has no cause of action.

[2] It is the law that where an auctioneer sells in his own name, without disclosing the name of his principal, he is personally liable. Meyer v. Redmond, 205 N. Y. 478, 98 N. E. 906, 41 L. R. A. (N. S.) 675. In this case the court said:

"Of course, had the defendants sold, as auctioneers, upon notice that they were acting as agents for a disclosed principal, and the plaintiff had made his bid for the stock under such a notice, then the agents, in the absence of an express written contract to be bound, would not be liable, and the plaintiff's remedy would be against the principal; but the purchaser has the right to know with whom he is dealing."

While the Meyer Case dealt with the sale of personal property only, I can see no good reason for a different rule applying to the sale of real estate.

I do not regard the case of Cockcroft v. Muller, 71 N. Y. 367, as authority for the plaintiff's contention. The question here involved was not squarely presented in that case. The only question there at issue was whether the plaintiff could recover from the auctioneers interest on the amount of his deposit, after he had sued and recovered from the vendor the principal sum paid by him to the auctioneers; and the court held that the plaintiff's satisfaction of his judgment against the vendor was a bar to his subsequent action against the auctioneers for the interest, and the court incidentally and as pure obiter intimated that the original action might have been against either the auctioneers or the vendor. I think, however, all the court meant was that the auctioneer would be liable for the deposit, so long as it was in his hands; but, where the auctioneer and agent has paid over the money to the disclosed principal long before any claim is made against him as in this case, there can be no principle of law that would make the agent liable.

Counsel for both sides at the trial requested the court to direct a verdict, and stipulated that such verdict might be directed after the submission of briefs, and the expiration of the term, and that such direction, when made, should be entered upon the minutes as of the date of the trial.

In accordance with such stipulation, I direct a verdict in favor of the defendant.