## MERRITT v. ARCHER.

(Supreme Court, Appellate Division, Second Department. July 31, 1914.)

1. AUCTIONS AND AUCTIONEERS (§ 9*)—LIABILITY OF AUCTIONEER—PREMATURE PAYMENT OF DEPOSIT.

Where a vendor refuses to deliver the kind of deed announced by. an auctioneer prior to the bidding, and the vendee notifies the auctioneer of the vendor's default and demands a return of his deposit or delivery of the proper deed, and it appears that such deposit has been paid over to the vendor before the law day named in the terms of sale, the auctioneer is liable for the amount of such deposit, though the demand on him was not made until after the law day, and though there was no deceit practiced on the vendee or concealment of the vendor.

[Ed. Note.—For other cases, see Auctions and Auctioneers, Cent. Dig. §§ 41–43; Dec. Dig. § 9.*]

2. AUCTIONS AND AUCTIONEERS (§ 6*)—AGENCY—STAKEHOLDER—DEPOSIT.

In the absence of facts indicating that an auctioneer is the agent of the vendor alone, he must be regarded as the stakeholder of money which, though required to be paid down at the time of sale, is stipulated to be of the purchase money.

[Ed. Note.—For other cases, see Auctions and Auctioneers, Cent. Dig. §§ 16–19; Dec. Dig. § 6.*]

3. AUCTIONS AND AUCTIONEERS (§ 11*)—RECOVERY OF DEPOSIT—ESTOPPEL.

That the successful bidder at an auction sale delayed several years after the vendor's default before bringing suit against the auctioneer for the deposit made at the time of sale, did not estop him from recovering same.

[Ed. Note.—For other cases, see Auctions and Auctioneers, Cent. Dig. §§ 48–52; Dec. Dig. § 11.*]

Appeal from Trial Term, Orange County.

Action by Thomas Merritt against Theodore F. Archer. From a judgment for defendant (82 Misc. Rep. 515, 143 N. Y. Supp. 925), and orders denying a new trial and expunging certain findings and exceptions, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

William A. Parshall, of Port Jervis, for appellant.

Charles H. Street, of Jamaica (Leander B. Faber, of Jamaica, on the brief), for respondent.

JENKS, P. J. The plaintiff, who paid down a part of the purchase price of certain realty as required by the terms of the auction sale, sues the auctioneer for a return of such money, and appeals from a judgment entered upon a verdict directed for the defendant upon the law as applied to the facts adduced by the plaintiff. At the close of the testimony at Trial Term, after both parties at the suggestion of the court had moved for a direction of a verdict, the learned court said:

"Very well. When I decide the matter I will expressly state in the memorandum that I have decided the questions of fact in plaintiff's favor, and will consider further the question of law only. I will direct a verdict, reserving decision, until after receiving briefs of counsel, as to how it shall be directed, upon stipulation of counsel that such reservation be made. There-

---

· *For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

after and on the 22d day of December, 1913, the trial judge filed his opinion directing a verdict in favor of the defendant, in the office of the clerk of the county of Orange."

[1] The opinion of the learned court seems to rest upon the proposition that, as the defendant was acting for a known vendor, and there was neither deceit practiced, nor concealment made of the vendor, and the defendant had paid over the deposit to the vendor soon after the sale and years before this action was begun, there could be no liability as matter of law. But the facts as established by the plaintiff are that the 10 per cent. was required as part of the purchase money; that on the law day named in the terms of sale the plaintiff was ready to perform, but the vendor refused to deliver the kind of deed announced by the defendant at the sale prior to the bidding; that within a very few days thereafter the plaintiff called upon the defendant, notified him of the vendor's default, and stated that he, as vendee, wished the return of his deposit or the delivery of the proper deed; that the defendant then said that the vendor must "give a good deed," but that he (the defendant) could not return the money because he had turned it over to the vendor. The plaintiff then said that the defendant had no right to do this thing. It also appears that the defendant had turned over this money to the vendor previous to the said law day.

[2] Referring to the opinion, it was not essential that the plaintiff should establish that any deceit was practiced upon him, or that the vendor was concealed. And although the money was paid over "to the disclosed principal long before any claim" was "made against" the defendant, in the sense that the controversy arose several years before this action was begun, yet the defendant admittedly had turned over this money to the vendor before the law day, and the plaintiff had notified the defendant within a very few days after that law day of the default of the vendor on that day, and of plaintiff's "claim" that he must have the proper deed or a return of this money. In the absence of any facts that indicate that the auctioneer is the agent of the vendor alone, he must be regarded as the "stakeholder" or depositary of the 10 per cent., which, although required to be paid down, was stipulated to be of the purchase money. 3 American and English Encyclopedia of Law (2d Ed.) p. 502; Bleeker v. Graham, 2 Edw. Ch. 647; Gray v. Gutteridge, 3 C. & P. 40, and notes; Teaffe v. Simmons, 11 Allen (Mass.), 342; Ellison v. Kerr, 86 Ill. 427; Lord Halsbury's Laws of England, vol. 1, p. 512. Such a relation intended that the auctioneer should retain the deposit until the event of the law day determined whether the vendor was entitled to the purchase money (which included this 10 per cent. deposit), or whether the vendee was entitled to a return of his deposit. When the "stakeholder" turned over this money to one of the parties before it could possibly be determined which party was entitled to it, he fell short in his obligation. If the instant after the vendor failed to perform the vendee had made a claim to the deposit, the "stakeholder" could not have responded, or could not have taken the position that he would remain a "stakeholder" until the relative rights of the parties

had been determined, because theretofore, of his own volition, he had handed over the money to one of the parties. Hence he cannot be heard to complain of the delay incident to the few days that intervened the law day and the call of "claim" made upon him.

[3] Neither can the defendant prevail upon the law because subsequent to the demand a long time—even several years—passed before the plaintiff asserted his "claim" by institution of this action. I am not prepared to say as a general proposition that delay in the institution of such an action, in connection with other circumstances, could not establish a waiver or work an estoppel that would justify a verdict against a plaintiff, but I think that in this case the learned court erred in its application of the law to the facts.

It would be manifestly unfair to regard the verdict directed by the court as based upon any finding of fact contrary to the proof adduced by the plaintiff, inasmuch as the plaintiff was induced by the court to consent that the court should become the trier of the facts by the statement of the court quoted, supra. Moreover, after the court had been substituted for the jury, it practically found for the plaintiff upon the facts, and decided against him upon the law only. If the court had not suggested that it should be constituted the trier of the facts, the plaintiff might have preferred a determination by the jury; and it may well be that the motion of the plaintiff for a direction of the verdict was made only because the court announced that it would find for the plaintiff upon the facts. I do not understand that the court intended to depart from its declaration, and in any event it did, as I have said, decide for the plaintiff upon the facts of the case.

I advise that the judgment and orders be reversed, and that a new trial be granted, costs to abide the event. All concur.