ABRAHAM GELMAN, Appellant, v. JOSEPH P. DAY, INC., Respondent.— Judgment reversed upon the law and the facts and new trial granted, costs to appellant to abide the event. The defendant corporation, the auctioneer, was a stakeholder of the amount deposited. (See *Merritt* v. *Archer*, 163 App. Div. 648.) That it was regarded as a stakeholder by its officers and agents is apparent from the circumstances. When, after the sale, plaintiff went to its office he was informed that he should make the check payable to defendant. In reply to his

question he was informed that defendant was responsible for the amount until plaintiff received the deed. The printed receipt given to plaintiff stated that it was to be returned to defendant " on passing of title." As a stakeholder defendant should have retained the deposit until it was determined whether the sellers were entitled to it or whether, on the facts disclosed by the search, plaintiff was entitled to its return. (*Merritt* v. *Archer*, *supra*.) When it became apparent that the sellers were unable to deliver a deed in accordance with the terms of sale, plaintiff notified defendant to hold the deposit as a stakeholder. Despite such notification, defendant allowed judgment to be entered against it by default in an action brought by the sellers. By so doing it not only fell short of its obligation to plaintiff but was guilty of a breach of trust, and for such it should be held accountable. The separate judgment obtained by plaintiff against the sellers does not estop plaintiff from proceeding against this defendant. (See *Cockcroft* v. *Muller*, 71 N. Y. 367, 369.) Lazansky, P. J., Rich, Hagarty, Carswell and Scudder, JJ., concur.