ABRAHAM GELMAN, Respondent, v. JOSEPH P. DAY, INC., Appellant.— Judgment affirmed, with costs, upon the authority of *Gelman* v. *Day, Inc.* (227 App. Div. 607). This is the second appeal in this case. Upon the first trial, the defendant recovered a judgment dismissing the plaintiff's complaint, which judgment, upon appeal, was reversed by this court and a new trial granted. In the memorandum opinion this court held the defendant, the auctioneer, to be a stakeholder (*Merritt* v. *Archer*, 163 App. Div. 648), and that, as such, it should have retained the deposit until it was determined whether the sellers were entitled to it, or whether on the facts disclosed by the search, plaintiff was entitled to its return. It further appeared in the earlier record, and appears in the present record, as a part of the plaintiff's case, that before the beginning of this action plaintiff obtained a judgment against the sellers in an action brought against them to recover the down payment, to which action this defendant was made a party defendant upon the theory that it received the deposit as the seller's agent. We held that the judgment in that action did not estop the plaintiff from proceeding against the defendant in this action. Whatever may be our present opinion as to the correctness of the conclusions reached upon the former appeal, it became the law of the case in so far as the Supreme Court is concerned, and we feel constrained to adopt it as the rule to guide us in the determination of this appeal. (*Rivara* v. *Stewart & Co.*, 241 N. Y. 259; *Neiderstein* v. *Cusick*, 126 App. Div. 409; *McBride* v. *Illinois National Bank*, 163 id. 417; *Powers* v. *Village of Mechanicville*, 169 id. 902; *Westminster Presbyterian Church* v. *Trustees*, 170 id. 439; *Barber* v. *Rowe*, 200 id. 290; affd., 235 N. Y. 549; *Seaward* v. *Davis*, 148 App. Div. 805; *Weigley* v. *Kneeland*, 60 id. 614; affd., 172 N. Y. 625; *Van Winkle* v. *Constantine*, 10 id. 422.) Lazansky, P. J., Rich, Kapper and Hagarty, JJ., concur; Scudder, J., dissents and votes for reversal and a new trial upon the ground that the verdict of the jury was against the weight of the evidence.

In the Matter of Proving the Last Will and Testament of CATHERINE C. DEVINE, Also Known as CATHERINE DEVINE, Deceased. THOMAS F. HICKEY, Appellant; PATRICK J. MEE, Respondent.— Decree of the Surrogate's Court of Kings county, and decree as resettled, modified so as to provide that costs of trial be awarded to the contestant as prescribed in section 278 of the Surrogate's Court Act, ■ and as so modified unanimously affirmed, with costs, payable out of the estate, to all parties filing briefs in this court. The matter is remitted to the surrogate to ascertain the number of days occupied by the contestant at the trial and in preparation therefor, to award costs, and to enter a decree in accordance herewith. The contestant, who was unsuccessful, was named as executor in another will, propounded by him in good faith as the last will of the decedent, and the refusal to award him costs was not a proper exercise of the discretion vested in the surrogate by section 278 of the Surrogate's Court Act. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.