MILLFIELD REALTY COMPANY, Respondent, *v.* EUGENE P. CATENA et al., Defendants, and JOSEPH P. DAY, INC., Appellant.

(Argued May 20, 1931; decided June 2, 1931.)

*William Harvey Smith* and *H. Schieffelin Sayers* for appellant. The auctioneer sold according to the description furnished by the owner. This was a mistake of the owner, as to the rear dimension of the lot, not fraud of the auctioneer. (*Baer* v. *Bonygne*, 72 Hun, 33; 147 N. Y. 393; *Von Bargen* v. *Ginsburg*, 218 App. Div. 545.) While an equitable rescission as to the principal is sometimes granted for innocent misrepresentation that induces the purchase, no such liability exists against the auctioneer agent in the absence of fraud. (*Richard* v. *Credit Suisse*, 242 N. Y. 346; *Harper, Inc.*, v. *City of Newburgh*, 159 App. Div. 695.)

*Bertram L. Marks* and *Samuel D. Cohen* for respondent. The action was properly founded in fraud and the appellant was properly joined as a defendant. (*Bloomquist* v. *Farson*, 222 N. Y. 375; *Gelman* v. *Day, Inc.*, 227 App. Div. 607; *Cockcroft* v. *Muller*, 71 N. Y. 367; *Merritt* v. *Archer*, 163 App. Div. 648; *Mack* v. *Latta*, 178 N. Y. 525; *Laska* v. *Harris*, 215 N. Y. 554.)

CARDOZO, Ch. J. A house and lot in Brooklyn, belonging to the defendant Eugene P. Catena, was sold to the plaintiff at public auction by Joseph P. Day, Inc., auctioneer. The terms of sale, signed by the owner described the width of the plot as 30.7½ feet in front and 18.1 feet in the rear. A circular distributed at the sale described the building as a four-story and basement brick apartment having two apartments of two rooms and bath on each floor. The buyer at the time of the sale made payment to the auctioneer of a fee of $30 and also $3,525, ten per cent of the bid.

At the time set for closing there was a rejection of the conveyance on the ground of misrepresentation and defect of title. Misrepresentation was charged in that the

building, though it contained two apartments of two rooms and bath on each floor, was not so constructed as to comply with the Tenement House Law (Cons. Laws, ch. 61), and could not lawfully be occupied by tenants doing their cooking on the premises. Defect of title was charged in that the width of the lot was only 10.1 feet in the rear, a discrepancy of eight feet between the actual dimensions and those stated in the terms of sale. In this action, brought to recover the down payment and the expenses of the sale and of the searching of the title, the plaintiff seeks a money judgment against owner and auctioneer alike with the declaration of a lien against the interest of the owner. The court at Special Term dismissed the complaint. The Appellate Division reversed, holding in its opinion that the discrepancy in the dimensions was substantial and that the auctioneer as well as the owner was answerable to the plaintiff by reason of the defect of title. In its order, however, it found that false and fraudulent representations had been made by both defendants as to the nature of the building. The owner, Catena, has submitted to the judgment. The case is here upon the appeal by the auctioneer alone.

We find nothing in the record to charge the auctioneer with liability as a party to a fraud. The building was precisely what it was stated in the circular to be, a building having two apartments of two rooms and bath on each floor. There was no statement by the auctioneer that it was so constructed as to permit the tenants of the apartments to do their cooking on the premises. Apartments without facilities for cooking are to-day familiar incidents of life in the metropolis. There should have been an inspection of the premises or a request for additional information if the absence of cooking facilities was to become the basis of a charge of fraud. We do not say that there was not such excusable misconception on the part of the buyer in respect of the character of the dwelling as to make inequitable a judgment that would

hold it to its bargain (*Hammer* v. *Michael*, 243 N. Y. 445; *Margraf* v. *Muir*, 57 N. Y. 155). Enough for present purposes that the auctioneer should be relieved from the imputation of a willful wrong.

Relief from that reproach does not suffice to give relief from the duty of restitution to the extent of the deposit. Long ago it was held that an auctioneer receiving a deposit from a bidder is in the position of a stakeholder (*Burrough* v. *Skinner*, [1770] 5 Burr. 2639; *Edwards* v. *Hodding*, [1814] 5 Taunt. 815). He should hold the deposit intact "till such time as the sale should be finished and completed and it should appear in the event to whom it properly belonged" (*Burrough* v. *Skinner*, *supra*). The ancient rule to that effect is well sustained in modern times (*Gelman* v. *Day, Inc.*, 227 App. Div. 607; 255 N. Y. 584; *Merritt* v. *Archer*, 163 App. Div. 648; *Cockcroft* v. *Muller*, 71 N. Y. 367; Mechem on Agency, § 2348, and cases cited). It controls the case at hand. Here the title was defective because of the mistake in the description. This defect developing, the stakeholder was chargeable with a duty to return to the bidder the money held as a deposit. Indeed, there is an admission in the answer that the deposit is still on hand for account of whom it may concern. Liability was erroneously extended, however, to include the expenses of the sale and for the services of counsel. As to those items the remedy should have been confined to an award against the owner.

The judgment should be modified by striking therefrom the adjudication that the appellant was a party to any false and fraudulent representations, and by deducting from the amount to be paid by the appellant the sum of $441.50, with interest from September 18, 1928, and as so modified affirmed without costs.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.