John Neiderstein, Jr., Appellant, *v.* Mary B. Cusick, Individually and as Executrix of Martin Cusick, Deceased, Respondent.

1. Landlord and Tenant — Construction of Provision of Lease as to Renewal Thereof for an Additional Term. Where a landlord, individually and as executrix, demised premises for the term of five years by a written instrument, which contained, in a separate clause, a provision leasing the premises to the same lessee for the same rental for an additional term of five years from the expiration of the first term, and agreeing that within one year before the expiration of the first term the lessor would, on ten days' notice in writing from the lessee, institute proceedings in the Supreme Court for leave to execute and enter into a lease of the premises to the lessee at the same rental for the further term of five years, commencing upon the expiration of the first term, such provision constitutes an unqualified obligation, upon the performance of which either of the parties has the right to insist.

2. Same — Positive and Unqualified Agreement to Renew Lease — When It Is Not Affected or Qualified by Separate and Distinct Provisions Relating to Title of Buildings to Be Erected by Tenant. The positive right arising under such clause is not qualified or affected by a separate and distinct clause providing that the lessee might

erect certain additions to the demised buildings, the title to which should pass to the lessor upon the expiration of the second term of five years; but if the lessor could not legally give, or should refuse to give, the extension of the lease for the additional five years, she should pay the lessor the fair and reasonable value of the added buildings; and if the lessee should fail to renew the lease for the second term of five years, his right and title to the added buildings should be forfeited at the expiration of the first five years and pass to the lessor; since these provisions do not operate to relieve either party from the unqualified obligation assumed by the former clause of the lease, but merely provide additional rights, or remedies, relating to the title of the new buildings in case either party should fail to comply with the agreements of the former clause.

. 3. SAME — ACTION TO COMPEL LANDLORD TO COMPLY WITH AGREE- MENT TO RENEW LEASE — ALLEGATIONS OF COMPLAINT EXAMINED AND HELD TO STATE FACTS SUFFICIENT TO CONSTITUTE CAUSE OF ACTION. Where, in an action brought by the lessee against the lessor under such lease for the specific performance of the covenant requiring the lessor to execute a lease for the additional term of five years, or that she apply to the Supreme Court for the requisite authority for that purpose, the com- plaint recites the lease in full and alleges that the lessee made the demand for a new lease in the manner and within the time required by the present lease and that the lessor refused to comply with the same, the complaint is not demurrable, upon the ground that it does not state facts sufficient to constitute a cause of action, for the reason that it was optional with the lessor either to renew the lease or pay for the buildings erected on the premises by the lessee.

*Niederstein* v. *Cusick,* 83 App. Div. 36, reversed.

(Submitted May 11, 1904; decided June 3, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 4, 1903, which affirmed a judgment of Special Term sustaining a demurrer to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Jacob Neu* and *Alfred J. Gilchrist* for appellant. The construction attempted to be placed upon the lease by the defendant is both unreasonable and arbitrary. (*Russell* v. *Allerton,* 108 N. Y. 292 ; *Halpin* v. *Ins. Co. of N. A.,* 120 N. Y. 75 ; *Ludwig* v. *J. C. Ins. Co.,* 48 N. Y. 383 ; *Bidwell*

v. *N. A. Ins. Co.*, 24 N. Y. 304; *Agawam Bank* v. *Strever*, 18 N. Y. 509.) The contract should be construed so as to give effect to the evident intent of the parties. (*Bank of Montreal* v. *Recknagle*, 109 N. Y. 491; *Ins. Co.* v. *Dutcher*, 95 U. S. 269; *Woolsey* v. *Funke*, 121 N. Y. 92; *Gillett* v. *Bank*, 160 N. Y. 549; *Marshall* v. *C. T. Assn.*, 170 N. Y. 434; *Marie* v. *Garrison*, 83 N. Y. 15; *Hoffman* v. *Æ. Ins. Co.*, 32 N. Y. 405; *French* v. *Carhart*, 1 N. Y. 96.) The construction to be placed upon this contract is that which will be most beneficial to the promisee, and as he understood it, to wit, that there was to be a ten years' term; that the statutes of the state forbade a trustee from leasing for a longer term than five years without leave of court; that the intention was to get that leave, and the clause in question here was operative only in the event that the lessor was refused permission to renew the lease by the court. (*Hoffman* v. *Æ. Ins. Co.*, 32 N. Y. 405; *Ludwig* v. *J. C. Ins. Co.*, 48 N. Y. 383; *Colt* v. *P. Ins. Co.*, 54 N. Y. 597; *Nelson* v. *Odiorne*, 45 N. Y. 493; *Post* v. *Hover*, 33 N. Y. 593; *Coyne* v. *Weaver*, 84 N. Y. 386; *People ex rel.* v. *Storms*, 97 N. Y. 364; *Jackson* v. *Blodgett*, 16 Johns. 172; *Glover* v. *Shields*, 32 Barb. 374; *Loeser* v. *Liebman*, 14 N. Y. Supp. 569.) The plaintiff is entitled to maintain the action for specific performance of this contract under the pleading herein. (3 Pom. Eq. Juris. § 1405; *Stokes* v. *Stokes*, 148 N. Y. 716; *Winne* v. *Winne*, 166 N. Y. 263; *R. Ry. Co.* v. *Robinson*, 133 N. Y. 242; *Marie* v. *Garrison*, 83 N. Y. 14; *Sanders* v. *Soutter*, 126 N. Y. 195; *Margraf* v. *Muir*, 57 N. Y. 158; *Zabriskie* v. *Smith*, 13 N. Y. 330.)

*William E. C. Mayer* and *James Crooke McLeer* for respondent. The covenants hereinbefore set out in full must be read as an entirety, and should be so construed as to give effect to every word and expression contained therein. (*Kratzenstein* v. *W. Assur. Co.*, 116 N. Y. 57; *Miller* v. *H. & S. J. R. R. Co.*, 90 N. Y. 433; *Clark* v. *Devoe*, 124 N. Y. 120; *Bamman* v. *Binzen*, 65 Hun, 40.)

35

CULLEN, J.   The action is brought, tenant against landlord, for the specific performance of a covenant to renew a lease. By indenture made in March, 1898, the defendant, individually and as executrix, demised certain premises and buildings in the city of Brooklyn to the plaintiff for the term of five years at a specified rent.   The instrument contained the following provisions under which the controversy as to the respective rights of the parties in this case arises:

" IT IS FURTHER EXPRESSLY UNDERSTOOD AND AGREED between the parties hereto that the parties of the second part hereby lease the property of the party of the first part for the further term of five years from April 1st, 1903, at the same annual rental, and the party of the first part hereby agrees with the party of the second part that within one year of the expiration of this lease, on ten days' notice in writing by her received from the party of the second part she will institute proceedings in the Supreme Court for leave to execute and will enter into a lease of the said premises to the said party of the second part at the said rental for the said further term of five years commencing April 1st, 1903, and ending April 1st, 1908, the said lease for said further term to be in all respects similar to these presents.

" IT IS FURTHER EXPRESSLY UNDERSTOOD AND AGREED that the party hereto of the second part will erect a new pavilion on the rear and side of the Hotel now on the said demised premises, and an extension over the kitchen thereof, in addition thereto, which said erections and buildings shall be and remain the property of the party of the second part, except that on the expiration of the two terms of five years the said pavilion and extensions shall be and become the property of the party of the first part, and the party of the second part shall not remove the same after erecting the same during the continuation of said lease.

" In case it should happen that the party of the first part cannot for any reason legally give, or refuses to give to the party of the second part an extension of this lease for five years as hereinbefore provided, then and in that case, the

party of the first part will pay the said party of the second part a fair and reasonable value for the said extension and pavilion so erected by him and if an agreement cannot be reached between the parties hereto as to such fair and reasonable value, each of them shall choose an arbitrator, both of whom shall choose a third and the award of the majority of said arbitrators shall be final and binding upon the parties hereto. If, however, the party of the second part should refuse to enter into the said extension of this lease for five years as aforesaid, then and in that case the said pavilion and extension, at the expiration of the time of this lease on April 1st, 1903, shall be and become the property of the first party hereto."

The plaintiff constructed the pavilion required by the lease, and in due time before the expiration of the demised term demanded of the defendant a renewal of the lease for an additional term of five years and that she apply to the Supreme Court for authority to execute the same. With this demand the defendant refused to comply. The complaint prayed as relief that the defendant be compelled to execute a lease for the additional term or that she apply to the Supreme Court for requisite authority for that purpose. The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action.

The difference between the parties is as to the proper construction of the provisions of the lease which have been recited at length. The defendant's contention is that while the first clause, construed by itself, might appear to impose upon the defendant an absolute agreement to renew the lease, it is to be deemed qualified by the provisions of the second clause, which obligate the landlord on a refusal to renew the lease to pay for the value of the pavilion, and obligate the tenant upon a failure on his part to renew his tenancy to forfeit such value; that is to say, that under the proper construction of both clauses it was optional with the landlord to either renew the lease or pay for the value of the building erected thereon by the tenant and optional with the tenant to either renew his

tenancy or to forfeit the building. On this theory, that it was optional with the landlord either to renew the lease or to pay for the building, the courts below have held that the plaintiff's action could not be maintained. We entertain a different view as to the proper construction of the instrument before us. It is to be first observed that the two clauses are entirely separate and distinct. The first imposes an unqualified obligation on the part of both the tenant and the landlord to renew the lease for an additional term of five years. Indeed, the language so far as it relates to the tenant is that of a present renting, not a mere covenant to take a new lease. " The party of the second part hereby leases the property of the party of the first part for the further term of five years from April 1st." There could be no doubt as to the effect of this clause standing alone. The following clause of the indenture deals with another subject. By it the tenant covenants to erect a building on the demised premises which it is expressly provided shall remain his property " except that on the expiration of the two terms of five years the said pavilion and extensions shall be and become the property of the party of the first part." It is difficult to see how the building can remain the property of the tenant until " the expiration ·of the two terms of five years " unless the plaintiff is given the unqualified right to both of such terms. Following this covenant that the tenant shall erect a pavilion, and forming part of the same clause of the indenture are found the provisions that on failure to renew by the landlord she is required to pay the value of· the building, while on failure to renew by the tenant he forfeits the building. We think that these provisions affect and qualify only the previous provisions relating ·to the title to the building as to which they doubtless confer additional rights on the parties. Thus the tenant, if refused a renewal, might, in lieu of an action for damages, recover the value of the building, and on the other hand, the landlord, in case of the tenant's default, might, in lieu of her suit for damages, retain the building. But they did not operate to relieve either party from the unqualified obligation assumed by the

previous clause of the lease, an obligation upon the performance of which either party had the right to insist. Under this view it follows that the action was well brought.

The judgment of the Special Term and that of the Appellate Division should be reversed, with costs in all courts, and judgment given for the plaintiff on demurrer, with costs, with the usual leave to the defendant to withdraw demurrer and answer on payment of costs.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN, VANN and WERNER, JJ., concur.

Judgment reversed, etc.