that the receipt so given by her was signed under duress, although she admits both are in her handwriting. But, independent of such consideration, we conclude that plaintiff's cause of action against the defendant was one at law, and not in equity, that her cause of action, if any, arises because of a breach of contract by the defendant entered into between him and her, and, it not appearing that the defendant is not responsible and able to respond in any damages sustained because of such breach, no case is made out for the intervention of a court of equity. The value of plaintiff's services should be ascertained in a court of law before a jury. If, in addition, she has sustained damages by breach of contract by defendant, such damages can also be recovered, and any judgment rendered in her favor, therefore, if not paid, and execution is returned unsatisfied, an action in equity may be maintained to set aside the conveyance made by James Lenox to his two daughters, if made with intent to hinder, delay, and defraud the plaintiff.

There being no proof that James Lenox is not responsible and able to respond in any amount which may be awarded against him because of his alleged breach of contract, we think this action cannot be maintained, and that defendant's motion for a nonsuit should have been granted.

It follows that the judgment appealed from should be reversed, and a new trial granted, with costs to appellants to abide event.

Judgment reversed, and new trial granted, with costs to appellants to abide event. All concur, SPRING, J., on the ground that the judgment is against the weight of the evidence.

---

NIEDERSTEIN v. CUSICK.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

1. APPEAL—REVIEW—DECISION ON FORMER APPEAL—LAW OF THE CASE.

The judgment of the Court of Appeals construing a lease is the law of the case on a subsequent appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4358–4368.]

2. LANDLORD AND TENANT—ACTIONS—FAILURE TO EXECUTE RENEWAL OF LEASE—RIGHT TO POSSESSION—EVICTION UNDER EMINENT DOMAIN.

Where defendant refused to execute a renewal of a lease in accordance with a prior agreement, and specific performance subsequently became impossible because of a condemnation of the property by New York City for park purposes, plaintiff is entitled to damages, for under Greater New York Charter, Laws 1901, p. 411, c. 466, § 980, he would have been entitled as a lessee to compensation for the paramount eviction by the city.

3. SAME—MEASURE OF DAMAGES.

Where defendant refused to execute a renewal of a lease in accordance with a prior agreement, but specific performance subsequently became impossible because of a condemnation of the property for park purposes, plaintiff was entitled to damages in the amount of the difference between the rental value of the premises for the full term, less the period actually occupied as the tenant of defendant, and the rent reserved in the lease.

4. Same—Defenses—Holding After Taking Under Eminent Domain.

Where defendant refused to execute a renewal lease in accordance with a prior agreement, and a subsequent taking by the city under eminent domain made specific performance impossible, the fact that plaintiff continued to occupy the premises after the land was taken by the city would not reduce the damages, where defendant in no way procured such tenancy, for any grace or concession on the part of the city would inure to the incidental benefit of plaintiff, rather than to that of defendant, the wrongdoer.

Appeal from Special Term, Kings County.

Action by John Niederstein, Jr., against Mary B. Cusick, individually and as executrix of the will of Martin Cusick, deceased. From a judgment for plaintiff, defendant appeals. Reversed and remanded, unless plaintiff consents to a certain reduction of the judgment, and in that event the judgment modified and affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

William E. C. Mayer, for appellant.
Alfred J. Gilchrist (Jacob Neu, on the brief), for respondent.

JENKS, J. The lease to the plaintiff from the defendant contained a covenant for a renewal of a term to begin immediately after April 1, 1903. The tenant sued for a specific performance of that covenant. The defendant's demurrer which challenged any cause of action was sustained at Special Term and at this court, but was reversed at the Court of Appeals, Niederstein v. Cusick, 178 N. Y. 543, 71 N. E. 100. The defendant answered, and now appeals from the judgment for the plaintiff rendered upon trial. The Special Term found that specific performance was impossible, in that the city of New York condemned the premises for park purposes and took title thereto on April 25, 1904.

The judgment of the Court of Appeals is the law of this case, and under it the plaintiff was entitled to a renewal beginning immediately after April 1, 1903. The plaintiff as a lessee (and such would have been his status but for the refusal of the defendant to keep her covenant) would have been entitled to compensation for the paramount eviction by the city in its exercise of the right of eminent domain. Section 980, Greater New York Charter (Laws 1901, p. 411, c. 466). The learned Special Term applied the correct rule of damages, viz., the difference between the rental value of the premises for the full term specified, namely, five years, and the rent reserved in the lease. Trull v. Granger, 8 N. Y. 115; Dodds v. Hakes, 114 N. Y. 265, 21 N. E. 398; Eastman v. Mayor, 152 N. Y. 473, 46 N. E. 841; Larkin v. Misland, 100 N. Y. 212, 3 N. E. 79. But the amount of the judgment is erroneous. The court found without exception that the plaintiff remained in possession and in occupancy as the tenant of the defendant down to April 25, 1904. Hence, in determination of the amount of the damages, the period of such possession and occupancy must be excluded from the five-year term; for the plaintiff during that time enjoyed from the landlord all that he was entitled to if the renewal of the lease had been given. The Special Term also found without exception that the plaintiff remained in occupation and possession as the

tenant of the city until on or about the month of September, 1905, and it is contended that this period should likewise be excluded from the five-year term. But the defendant in no way procured such tenancy, the fact thereof was res inter alios acta, and such tenancy was not afforded or permitted by the city of New York in order to discharge in part the liability of the defendant. For these reasons, I think that the point is not well taken. 1 Sutherland on Damages, § 158. See as to the principle, Appleton v. Marx, 191 N. Y. 81, 83 N. E. 563. As between the plaintiff and the defendant, any concession or grace on the part of the city should inure to the incidental benefit of the plaintiff rather than to that of the defendant, the wrongdoer. The court plainly cast the damages from the conclusion that the rental value of the premises was $2,000 a year in exercise of the rent reserved. The evidence justifies this. I think, however, that it is not necessary to grant a new trial, for the data permits a certain correction. There should be deducted from the term of five years the period during which the plaintiff was in possession and in occupancy of the premises as tenant of the defendant, and the damages cast in the fashion followed by the court for the remainder of the period.

The judgment is reversed and a new trial is granted, costs to abide the event, unless within 20 days the plaintiff consent to a reduction of the judgment in accord with the opinion, in which event the judgment as so modified is affirmed, without costs. Settle the order before JENKS, J. All concur.