## (May 22, 1951.)

In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Required for Bronx River Expressway and Other Improvements, in the Borough of The Bronx. LION BREWERY OF NEW YORK CITY, Appellant; BANNER OIL COMPANY, Respondent.

*Per Curiam.* The fee owner appeals from so much of a final decree in condemnation as apportioned $42,000 of the award to the lessee.

The claimant-respondent occupied the premises as a tenant under a twenty-one-year lease commencing July 1, 1941, and expiring June 30, 1962, for a gasoline station, garage and kindred uses. The unexpired term of the lease was fourteen years and four months. The lease fixed an annual minimum rent, which graduated from $1,500 per annum to $4,200 per annum. On the date of vesting title, February 25, 1948, the lessee was paying $3,300 per year. The lease, however, contained an option to the landlord to demand an adjusted annual minimum fixed rent for the remaining portion of the term beginning July 1, 1948, for the following three years, and a provision for like adjustments with respect to each subsequent three-year period. Arbitrators were to be appointed, who were required by the lease to ascertain and fix the net rental value of the said premises as rent.

A demand for such adjustment had been served, and arbitration proceedings were about to commence when title vested in the city.

The lease further provided that in the event the tenant rejected said adjusted minimum rent fixed by the arbitrators, it had the option to pay instead 7% of its aggregate gross receipts as rent. The lease also contained a cancellation clause requiring the landlord to pay $3,000 for each of the remaining unexpired years, if it desired to cancel. The only condemnation clause in the lease related to partial condemnation, whereas all of the leased property was taken in the present proceeding.

The Special Term arrived at the award of $42,000 to the lessee-claimant by multiplying the $3,000 penalty for cancellation by the fourteen unexpired years of the term. It said that this followed the estimate of the parties as to the value of the leasehold. We think that this constituted the application of an erroneous measure of damage. The lessor had not chosen to cancel the lease up to the time of condemnation. Where property held under an unexpired lease is taken by eminent domain, the question of whether a loss has been suffered by the

lessee depends on whether the rental value of the leasehold estate-exceeds the rent reserved for the balance of the term (see *Matter of City of New York* [*Washington St.*], 272 App. Div. 826, and cases cited, and *Neiderstein* v. *Cusick*, 126 App. Div. 409, 410, affd. 195 N. Y. 594).

The fair market value of the leasehold must be determined. Such value is measured by the excess of rental value over rent reserved. All the provisions of the lease, including those governing the right 'of cancellation, must be given due consideration in determining the rental value of the leasehold, but the mere existence of an unexercised option for cancellation upon payment of a fixed sum would not authorize an award of damages to a lessee based on the cost of cancellation, unless a rental value in excess of rent reserved is shown. Of course, the cancellation clause might affect marketability, and the right of the landlord to have the rent adjusted would have to be considered in determining the rent reserved and in ascertaining whether the lessee suffered a loss.

Both sides offered expert opinion evidence on the question of the value of the lease. The lessee's expert fixed the value at a figure higher than the total award for the property. The lessor's expert said that it had no value. The theory of the lessee's expert was that the rental value could be ascertained by estimating the profit on the sale of gasoline and adding thereto the return from subleases. Assuming that this would afford some indication of rental value or of the market value of the leasehold, we find that in computing the rent to be paid, this expert omitted any allowance for the adjustment of rent by the arbitrators up to the rental value or the alternative of paying a rent of 7% of the gross receipts.

Under the circumstances, the final decree, so far as appealed from, should be reversed and the case should be remitted to Special Term for a new trial on the issue of damages.

Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ., concur.

Decree, so far as appealed from, unanimously reversed and the case remitted to Special Term for a new trial on the issue of damages. Settle order on notice.